█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY G. SPOHN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 25, 1971, convicting him of criminal possession of a forged instrument in the second degree and of petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant did not raise any question on this appeal as to the findings of fact implicit in the verdict and none were considered by this court. Prior to the commencement of the trial, defendant requested that he be allowed to try the case himself. In denying the motion, subsequently renewed and denied several times, the court indicated that defendant would be better represented by a lawyer. Unlike the defendant in *People* v. *McIntyre* (41 A D 2d 776), defendant's conduct was no impediment to an orderly proceeding. It was therefore error to deny his right to defend *pro se*. As we noted in *McIntyre* (pp. 776–777) : "In most instances an accused has a constitutional right to defend himself *pro se* (*People* v. *McLaughlin*, 291 N. Y. 480; *People* v. *Price*, 262 N. Y. 410; *People* v. *Pitman*, 25 A D 2d 637; *United States ex rel. Maldonado* v. *Denno*, 348 F. 2d 12; U. S. Const., 6th Amdt.; N. Y. Const., art. I, § 6)." When such a request is timely interposed, and the deportment of the defendant is not disruptive, the trial court may advise the defendant of the hazards the granting of such a request entails, but if the defendant persists in his request the court has no recourse except to comply, for the right of a defendant in a criminal case to appear and defend *pro se* is a constitutionally guaranteed right. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.