THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE NELSON, Appellant.

Fourth Department, January 11, 1980

## APPEARANCES OF COUNSEL

*George P. Doyle* for appellant.

*Curtis L. Lyman* for respondent.

## OPINION OF THE COURT

WITMER, J.

In the course of the trial of this case, wherein defendant was conducting his own defense, the court terminated defendant's *pro se* right of defense and directed counsel to complete the trial in his behalf. Defendant contends that this violated his constitutional right and was reversible error. We agree.

Defendant, a married man over 40 years of age, was

charged with raping a fourteen-year-old girl (rape in the third degree, Penal Law, § 130.25) and unlawful imprisonment (Penal Law, § 135.05). In the course of preliminary procedures, on at least two occasions defendant asserted that he intended to defend himself without trial counsel, but he asked the court to assign counsel with whom he might consult. At the opening of the trial defendant again insisted on his right to act *pro se* in the conduct of the trial, with the Public Defender present to advise and assist him. The Trial Judge reminded defendant of the seriousness of the charges against him and the difficulties of the defense and unsuccessfully sought to dissuade defendant in this regard. The court then questioned the defendant concerning his educational and employment background, his mental well-being and his understanding of the indictment; and he also ascertained that on two prior occasions defendant had represented himself in paternity suits. Because defendant still reiterated his desire to defend himself, the court appointed the Public Defender, John Russelli, to advise defendant and permitted defendant to proceed *pro se* with his defense.

During the direct examination of the People's first witness the court interrupted and requested that defendant permit his advisory counsel, Mr. Russelli, to make appropriate objections and defendant consented thereto. During defendant's cross-examination of the People's medical witness, the court again interceded and requested that Mr. Russelli conduct such examination, and again defendant acquiesced. When it came time for the cross-examination of the victim of the crime, the court asked defendant whether he would not prefer to have Mr. Russelli examine her, but defendant expressed his desire to do that himself, and the court permitted him to proceed. In the midst of such cross-examination, however, the court again interceded and told defendant that "in the interest of justice" the court would no longer allow him to represent himself, and it directed that Mr. Russelli act in defendant's behalf with respect to all other witnesses. The court said to defendant: "You can participate to the extent of conferring with him [Mr. Russelli] at every opportunity but I can't sit here and allow you to conduct an examination that you are conducting because you are not doing it in your best interest".

In *People v McIntyre* (36 NY2d 10, 14) the Court of Appeals wrote, "the right to self-representation embodies one of the most cherished ideals of our culture; the right of an individual to determine his own destiny". Shortly thereafter the United

States Supreme Court held that the right of self-representation is protected by the Sixth and Fourteenth Amendments of the United States Constitution, and that a State may not "constitutionally hale a person into its criminal courts and there force a lawyer upon him", when he insists upon conducting his own defense *(Faretta v California,* 422 US 806, 807). The court added (p 820): "The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists."

The right to act as one's own attorney, however, is not absolute but must be carefully monitored by the court in the interest of justice. Thus in *People v McIntyre (supra,* p 17) the court stated, "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (see, also, *People v Reason,* 37 NY2d 351, 354).

In light of defendant's two pretrial applications to defend *pro se* and his renewal of the application at the commencement of his trial, the assertion of his right of self-representation was both timely and unequivocal (see *People v McIntyre, supra,* pp 17-18; cf. *People v Payton,* 45 NY2d 300, 314). Moreover, defendant's request to defend *pro se* was proper in that it presented no impediment to an orderly trial *(People v Spohn,* 43 AD2d 843). It remains, therefore, only to determine whether defendant's "decision to waive counsel—implicit in the assertion of the right to defend *pro se*—'has been made competently, intelligently and voluntarily *(Johnson v Zerbst,* 304 US 458).' " *(People v Reason,* 37 NY2d 351, 355, *supra.)* "To establish a valid assertion of the right to represent oneself, the trial court must satisfy, itself that the accompanying waiver of the right to counsel was competent, intelligent, and voluntary" *(People v Allen,* 39 NY2d 916, 917). In *Faretta v California* (422 US 806, 835, *supra)* the court wrote, "Al-

though a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' "

During one of the pretrial hearings in this case the court strongly advised defendant that he needed representation by an attorney and emphasized the gravity of the charges against him and the consequences of his conviction thereof. The court noted that the legal procedures in such defense are even difficult for a lawyer and that defendant must study and understand much law to be able to make a competent *pro se* defense. Prior to the *voir dire* on this trial the court carefully examined defendant's educational background and his experience and learned that he had been graduated from high school and had two years of college in which his courses included criminal justice, psychology and sociology. He ascertained that defendant had never had any mental disorder or treatment therefor, had been employed in a responsible position for six years and had prior court experience in representing himself in two lawsuits.

The foregoing inquiries and responses were clearly sufficient to justify the court's conclusion that defendant's waiver of his right to counsel was competent, intelligent and voluntary (cf. *People v Allen,* 39 NY2d 916, *supra).* The court had ample opportunity to observe his capacity to make an intelligent choice and had warned him of the risks of self-representation (see *People v Medina,* 44 NY2d 199, 209-210). The record, therefore, affirmatively shows that defendant was competent and understanding, and that he voluntarily exercised his free will in deciding to defend *pro se.* "[T]hat it might have been inadvisable for him [defendant] to act as his own lawyer did not destroy his right to make a calculated decision to do so" *(People v Medina,* 44 NY2d 199, 210, *supra);* and see *People v McIntyre,* 36 NY2d 10, 17-18, *supra).* Thus, the court properly permitted defendant to proceed *pro se* with his trial, and indeed it would have erred had it denied him that privilege.

Although a defendant may "lose his right to represent himself by engaging in disruptive and obstreperous conduct * * * calculated to undermine, upset or unreasonably delay the progress of the trial" *(People v McIntyre,* 36 NY2d 10, 18, *supra),* no such conduct occurred during this trial. That defen-

dant lacked the technical legal knowledge for effective examination of witnesses was not a basis for terminating his *pro se* defense. Although it may have contributed to the court's impatience and led it to conclude that the interest of justice required that defendant's *pro se* right to defend be terminated, we find nothing in this record justifying such conclusion in light of defendant's constitutional right.

We have considered defendant's other claims of error and find them to be without merit.

Because of the denial of defendant's right of self-representation to the completion of his trial, the judgment should be reversed and a new trial granted.

SIMONS, J. P., SCHNEPP, CALLAHAN and DOERR, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted.