■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WHITAKER, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Clyne, J.), rendered August 27, 1980, convicting him of

assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The instant appeal involves the discharge and replacement of a juror by the trial court, and brings up the question of which section of the CPL is applicable under the facts at bar. At the commencement of the second day of jury selection, roll call was taken of the nine jurors who had been sworn on the previous day. The clerk noted that juror No. three did not answer. Jury selection proceeded and three more jurors and two alternates were sworn. Immediately thereafter, the court stated on the record for the first time that it had been advised that juror No. three was ill and would be unable to attend. In accordance with the provisions of CPL 270.35, said juror was discharged, and the first alternate was substituted for her. CPL 270.35 provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity * * * the court must discharge such juror. If an alternate juror or jurors are available for service, the court must order that the discharged juror be replaced by the alternate juror whose name was first drawn and called". Defendant argues that the trial court erred in not applying CPL 270.15 (subd 3) which provides, *inter alia,* that "[i]f before twelve jurors are sworn, a juror already sworn becomes unable to serve by reason of illness or other incapacity, the court must discharge him and the selection of the trial jury must be completed in the manner prescribed in this section." He contends that under that subdivision discharge of an ill juror is mandatory, and, based upon the apparent assumption that the Judge knew that juror No. three was absent during roll call due to illness, maintains that the failure to discharge the juror prior to the *voir dire* and swearing in of the remaining three jurors was reversible error. While there is no question that CPL 270.15 (subd 3) mandates discharge of a juror unable to serve by reason of illness, there is no indication in the record at bar as to when the court actually became aware that juror No. three was absent due to illness and would be unable to serve. Since it has not been established that the Trial Judge knew that the juror was ill prior to the time he stated it on the record, it cannot be said that the court acted improperly in discharging the juror when it did, pursuant to CPL 270.35, rather than applying CPL 270.15 (subd 3) immediately upon the clerk noting the absence of juror No. three. Furthermore, we find that defendant suffered no prejudice as a result of the application of the former section over the latter. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.