(September 24, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN CUEVAS, Appellant.—Main, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered December 26, 1984, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

This appeal from defendant's conviction for promoting prison contraband in the first degree presents the infrequently encountered issue of whether County Court properly discharged a sworn juror. After the 12 members of the jury had been sworn, but before any alternate jurors had been selected, one of the sworn jurors requested to be discharged because she had learned, following her selection, that her employer intended to promote her and wanted her to be available immediately to learn her new responsibilities. Apparently determining that the juror would be preoccupied and unable to devote her full attention to the case at hand, County Court dismissed

the juror, denied defendant's motion for a mistrial but granted the defense an additional peremptory challenge, and directed that the first alternate juror selected take the place of the discharged juror. Defendant now contends that, because the reason for the discharge was neither illness nor incapacity under CPL 270.15 (3), County Court erred in discharging the juror.

Under CPL 270.15 (3), the only reasons for discharging a sworn juror before 12 jurors are selected are illness or incapacity, and the reason for the discharge in this case could hardly be classified as incapacity (see, People v Wilson, 106 AD2d 146, 150). However, the discharge in this case occurred after 12 jurors had been selected, and CPL 270.15 (3) is therefore inapplicable. The applicable statute is CPL 270.35, which provides that after the trial jury is sworn, County Court can discharge a juror when that juror "is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service" and replace her with an alternate juror. This provision gives County Court a limited amount of discretion in discharging a juror, and we cannot say that that discretion has been abused here. Accordingly, since County Court acted within the confines of CPL 270.35 in discharging the juror and replacing her with an alternate, and since there is no indication that defendant was thereby prejudiced (see, People v Whitaker, 92 AD2d 905, 906), no reversible error occurred.

We are also unpersuaded that the revelation by a witness, a correction officer, that he and the other correction officers who witnessed the incident in which defendant and other inmates were involved later viewed the inmates' identification cards in order to ascertain their names, necessitated a Wade hearing. The witness's testimony makes clear that the officers were familiar with the inmates but did not know particular names, and therefore they viewed the identification cards simply "to put a name and number to the face". Under these circumstances, since the inmates were already known to the correction officers, there was no "identification" within the meaning of CPL 710.30 and, thus, no need for a Wade hearing (see, People v Tas, 51 NY2d 915, 916).

Viewing the evidence in the light most favorable to the People (see, People v Kennedy, 47 NY2d 196, 203), we are of the opinion that the People did meet their burden of proving the elements of promoting prison contraband in the first degree beyond a reasonable doubt. Further, our review of the record in this case leads us to the conclusion that the jury's

verdict was not contrary to the weight of the evidence. We find the remaining issues to be without merit.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Mikoll, JJ., concur.