In the Matter of ANONYMOUS, Appellant-Respondent, v GRIEV-ANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS OF THE STATE OF NEW YORK et al., Respondents-Appellants.

Second Department, April 11, 1988

## APPEARANCES OF COUNSEL

*Arthur J. Levy* for appellant-respondent.

*Robert Abrams, Attorney-General (Lawrence S. Kahn* and *Lillian Z. Cohen* of counsel), for respondents-appellants.

## OPINION OF THE COURT

MANGANO, J. P.

■ Section 691.22 (k) of the Rules of the Appellate Division, Second Department, governing the conduct of attorneys (22 NYCRR) provides that "[a]ll advertisements of legal services shall include the name, office address and telephone number of the attorney or law firm whose services are being offered". The primary question to be resolved on the instant appeal is whether this rule is an unconstitutional infringement upon the plaintiff's First Amendment rights *(see,* US Const 1st Amend). We hold that it is not.

I

In September 1985 the plaintiff, an attorney, received a letter from the defendant Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) informing him that it "had opened a *sua sponte* complaint" against him based upon his advertisement in The Chief. In particular, the Grievance Committee alleged that the advertisement violated 22 NYCRR 691.22 (k) governing the conduct of attorneys in that it did not contain his name or address. In response, the plaintiff wrote the Grievance Committee a letter indicating that he was "inclined by my in-

stincts toward discreetness to omit my name and address", and that an interested consumer could easily obtain that information by calling the telephone number in the advertisement. There was further correspondence between the parties, and on December 18, 1985, the Grievance Committee issued a "letter of Caution" to the plaintiff which stated, *inter alia,* that "in the event that other misconduct is brought to our attention, this LETTER OF CAUTION will be considered in determining the measure of future discipline".

By summons and complaint dated January 13, 1986, the plaintiff commenced this action seeking a judgment (1) declaring 22 NYCRR 691.22 (k) invalid as an infringement upon his First Amendment freedom of speech, (2) declaring the Grievance Committee's letter of caution null and void and striking it from the official rolls and records, and (3) permanently staying and enjoining the Grievance Committee from directing the plaintiff to change his advertisement to conform with 22 NYCRR 691.22 (k).

Thereafter, the plaintiff moved for a preliminary injunction, and the defendants cross-moved to dismiss the complaint (1) pursuant to CPLR 3211 (a) (2), on the ground that the court did not have jurisdiction of the subject matter of the cause of action, and (2) pursuant to CPLR 3211 (a) (7), on the ground that the complaint failed to state a cause of action.

In disposing of the plaintiff's motion and the defendants' cross motion, the Supreme Court, Kings County, (1) denied the plaintiff's motion for a preliminary injunction, (2) granted that branch of the defendants' cross motion which was to dismiss the complaint for failure to state a cause of action, and (3) denied that branch of the defendants' cross motion which was to dismiss the complaint for lack of subject matter jurisdiction.

## II

Before turning to the merits of the instant appeal, we "dispose of any speculation" that because this court promulgated 22 NYCRR 691.22 (k), the members of this court should decline to participate in the instant appeal *(Matter of Morgenthau v Cooke,* 56 NY2d 24, 29, n 3). The instant appeal involves an issue other than the constitutionality of the rule in question, i.e., whether the plaintiff's motion for a preliminary injunction was properly denied, and therefore no direct appeal lies to the Court of Appeals *(see,* CPLR 5601 [b]). In

addition, each of the other Appellate Divisions has promulgated the same rule as the one challenged in the instant case, and therefore the other Appellate Divisions have the same interest in the outcome of the instant appeal as does this court. Since this court has exclusive jurisdiction over this case at this stage of the proceedings, and no other judicial body without similar interests exists to which this appeal could be referred for disposition, "the present members of the court are required to hear and dispose of it under the Rule of Necessity" *(Maresca v Cuomo,* 64 NY2d 242, 247, n 1, *appeal dismissed* 474 US 802; *Matter of Morgenthau v Cooke, supra).*

## III

In *Bates v State Bar of Ariz.* (433 US 350, *reh denied* 434 US 881), the United States Supreme Court held that advertising by attorneys is a form of commercial speech which is protected by the First Amendment (US Const 1st Amend), made applicable to the States through the Fourteenth Amendment (US Const 14th Amend), and may not be subjected to blanket suppression. However, the United States Supreme Court in *Bates v State Bar of Ariz. (supra)* stressed that its holding did not preclude the States from, *inter alia,* (1) restraining advertising which is "false, deceptive, or misleading" or (2) requiring attorneys to provide "limited supplementation" in any advertisement, "so as to assure that the consumer is not misled" *(Bates v State Bar of Ariz., supra,* at 383, 384).

In *Central Hudson Gas & Elec. v Public Serv. Commn.* (447 US 557), the Supreme Court set forth a four-part analysis which was to be utilized in determining whether any State restriction on commercial speech passed constitutional muster. Specifically, the United States Supreme Court held *(Central Hudson Gas & Elec. v Public Serv. Commn., supra,* at 566): "At the outset, we must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest."

The four-part analysis set forth by the United States Su-

preme Court in *Central Hudson Gas & Elec. v Public Serv. Commn. (supra)*, has been used in cases following *Bates v State Bar of Ariz. (supra)* to determine the constitutional validity of particular "[c]ontent-based restrictions" imposed by the States upon advertising by lawyers *(Matter of von Wiegen,* 63 NY2d 163, 173; *In Re R.M.J.,* 455 US 191; *Ohralik v Ohio State Bar Assn.,* 436 US 447, *reh denied* 439 US 883).

■ In the instant case, the plaintiff argues that the four-part test set forth in *Central Hudson Gas & Elec. v Public Serv. Commn. (supra)*, should be applied to 22 NYCRR 691.22 (k), and that, viewed within this framework, 22 NYCRR 691.22 (k) impermissibly infringes upon the plaintiff's First Amendment rights. We disagree.

The plaintiff's argument is based on the fallacious assumption that 22 NYCRR 691.22 (k) constitutes a restriction on the content of his advertisement. The plaintiff however, ignores the distinction between a regulation which restricts the content of an attorney's advertisement, and one which requires the disclosure of specific factual and uncontroversial information in an attorney's advertisement. The United States Supreme Court crystallized this distinction in *Zauderer v Office of Disciplinary Counsel* (471 US 626, 650-651, quoting from *In Re R.M.J.,* 455 US 191, 201, *supra)* when it held:

"Appellant however, overlooks material differences between disclosure requirements and outright prohibitions on speech. In requiring attorneys who advertise their willingness to represent clients on a contingent-fee basis to state that the client may have to bear certain expenses even if he loses, Ohio has not attempted to prevent attorneys from conveying information to the public; it has only required them to provide somewhat more information than they might otherwise be inclined to present * * *

"The State has attempted only to prescribe what shall be orthodox in commercial advertising, and its prescription has taken the form of a requirement that appellant include in his advertising purely factual and uncontroversial information about the terms under which his services will be available. Because the extension of First Amendment protection to commercial speech is justified principally by the value to consumers of the information such speech provides * * * appellant's constitutionally protected interest in *not* providing any particular factual information in his advertising is minimal. Thus, in virtually all our commercial speech decisions to

date, we have emphasized that because disclosure requirements trench much more narrowly on an advertiser's interest than do flat prohibitions on speech, 'warning[s] or disclaimer[s] might be appropriately required . . . in order to dissipate the possibility of consumer confusion or deception' * * *

"[W]e hold that an advertiser's rights are adequately protected as long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers".

The requirement that a lawyer's name and address be disclosed in any advertisement resulted from experience which indicated that: "[p]rospective clients who called a local telephone number were persuaded to divulge their troubles and confidences, and then to engage an attorney without first being told his identity or location of the office. Some clients thus found themselves being pressured into retaining attorneys further removed from their home than they had intended. Others found themselves retaining attorneys before they had an adequate opportunity to investigate the attorneys' qualifications because a well-trained secretary was able to extract all of the prospective client's confidences before telling the prospective client the name and address of the attorney" (Goldblum, *Regulation of Lawyer Advertising in New York,* May 1984 NY St BJ, 6, 10). 22 NYCRR 691.22 (k) serves as a reasonable method of removing these traps for the unwary consumer and, therefore it satisfies the standard set forth in *Zauderer v Office of Disciplinary Counsel (supra).* Accordingly, the Supreme Court, Kings County, acted properly in denying the plaintiff's motion for a preliminary injunction. However, rather than dismissing the complaint outright, the Supreme Court should have declared the rights of the parties *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

## IV

■ In their cross motion submitted to the Supreme Court, Kings County, the defendants also moved to dismiss the complaint, pursuant to CPLR 3211 (a) (2), on the ground that the court lacked subject matter jurisdiction. That branch of the defendants' cross motion was denied by the Supreme Court, Kings County. The defendants have not addressed that issue in their appellate brief, and their cross appeal must therefore be deemed abandoned.

THOMPSON, LAWRENCE and WEINSTEIN, JJ., concur.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint and substituting therefor a provision declaring that 22 NYCRR 691.22 (k) does not violate the plaintiff's rights under the First Amendment to the US Constitution; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendants.