■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered May 8, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree, promoting prison contraband in the first degree and promoting prison contraband in the second degree.

Defendant, an inmate at Coxsackie Correctional Facility in Greene County, allegedly participated in an incident on August 1, 1988 whereby 32 inmates of the facility's special housing unit held five correction officers hostage for 14 hours. As a result of this occurrence, defendant was indicted on several counts for various crimes. After trial in County Court, defendant was convicted of criminal possession of a weapon in

the third degree, promoting prison contraband in the first degree and promoting prison contraband in the second degree. Defendant was sentenced as a predicate felon to prison terms of 2 to 4 years for the two felony convictions and a definite term of one year for promoting prison contraband in the second degree. These sentences were to be served concurrently with each other, but consecutively to other sentences then being served by defendant. This appeal followed.

We affirm. Of the many issues raised by defendant on appeal, only a few merit a brief discussion. Initially, defendant claims that the indictment should have been dismissed because he was allegedly not notified of the Grand Jury proceedings pursuant to CPL 190.50 (5) (a) and therefore did not have an opportunity to appear. Nevertheless, because defendant waited until seven months after his arraignment on the indictment to make his challenge, defendant has waived his right to challenge any violation. This is because CPL 190.50 (5) (c) gives defendant only five days after the arraignment upon the indictment to make such a motion *(see, People v Sylvester,* 165 AD2d 920, 921).

In addition, defendant's CPL 710.30 challenge to the People's use of identification testimony by Correction Officer John Shipley at trial is similarly meritless. It was apparent from the evidence that Shipley had come into contact with defendant on numerous occasions prior to the August 1, 1988 incident. Therefore, Shipley's identification of defendant was merely confirmatory and CPL 710.30 notice was not required *(see, People v Cuevas,* 133 AD2d 504, 505, *lv denied* 70 NY2d 930; *see also, People v Wharton,* 74 NY2d 921, 922-923).

Finally, we disagree with defendant's assertions that he was denied a fair trial and effective assistance of counsel. As for the alleged denial of defendant's request to appear *pro se,* our review of defendant's motion reveals that it was actually a motion to relieve his trial counsel and not a motion to appear *pro se.* Accordingly, defendant's motion appears to be based on his disapproval of counsel rather than constituting an unequivocal "knowing and voluntary election to forego the benefit of an attorney and proceed *pro se" (People v Hacker,* 167 AD2d 729, 730, *lv denied* 77 NY2d 906; *see, People v McIntyre,* 36 NY2d 10, 17).

Yesawich Jr., J. P., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.