[861 NE2d 92, 828 NYS2d 277]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GILLIAN, Appellant.

Argued November 15, 2006; decided December 21, 2006

## POINTS OF COUNSEL

*Feldman and Feldman,* Uniondale (*Steven A. Feldman* and *Arza Feldman* of counsel), for appellant. I. Appellant should be granted a new trial because, notwithstanding a timely and unequivocal pretrial request to proceed pro se, he was deprived of his Sixth Amendment right to represent himself. (*Faretta v California,* 422 US 806; *People v Henriquez,* 3 NY3d 210; *People v Arroyo,* 98 NY2d 101; *Daye v Attorney Gen. of State of N.Y.,* 696 F2d 186; *People v McIntyre,* 36 NY2d 10; *Adams v United States ex rel. McCann,* 317 US 269; *People v Smith,* 68 NY2d 737; *People v Slaughter,* 78 NY2d 485; *People v Vivenzio,* 62 NY2d 775; *People v Kaltenbach,* 60 NY2d 797.) II. In doubling the plea offer at sentence, an inference arises that the County Court punished appellant for exercising his Sixth Amendment right to a jury trial. (*People v Cosme,* 203 AD2d 375; *People v Pena,* 50 NY2d 400, 449 US 1087; *People v Williams,* 46 AD2d 783; *People v Pluff,* 58 AD2d 1023; *People v Brown,* 70 AD2d 505; *People v Durkin,* 132 AD2d 668; *United States v Hutchings,* 757 F2d 11; *United States v Araujo,* 539 F2d 287, 429 US 983; *United States v Duffy,* 479 F2d 1038, 414 US 978.)

*Francis D. Phillips, II, District Attorney,* Goshen (*David R. Huey* of counsel), for respondent. I. Defendant abandoned any challenge to the court's decision denying defendant's request to act as his own attorney. (*Faretta v California,* 422 US 806; *People v Belge,* 41 NY2d 60; *People v Hogya,* 56 NY2d 602; *People v Hallman,* 92 NY2d 840; *People v Glover,* 87 NY2d 838; *People v McIntyre,* 36 NY2d 10; *People v Rodriguez,* 95 NY2d 497; *Brown v Wainwright,* 665 F2d 607; *People v Sawyer,* 57 NY2d 12; *People v LaValle,* 3 NY3d 88.) II. Defendant has failed to preserve his claim that the court penalized defendant for exercising his right to trial, and the court may not reach this issue absent preservation. (*People v Belge,* 41 NY2d 60; *People v Hurley,* 75 NY2d 887.)

## OPINION OF THE COURT

Pigott, J.

On January 29, 2004, defendant was arraigned on a four-count indictment charging him with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree and was assigned counsel. One month later, he moved to discharge assigned counsel alleging a conflict of interest and "dif-

ference in strategy." In a written decision and order, dated March 10, 2004, County Court denied that motion because defendant had not articulated the conflict, and defendant's allegations about the attorney's strategy were conclusory.

On April 13, 2004, defendant once again appeared with his assigned counsel for a pretrial hearing and advised the court that he wanted to proceed pro se because assigned counsel had "done nothing" for him and had failed to make certain motions. County Court denied that application as well because it was "not convinced" that defendant would be able to represent himself. In response to that ruling, defendant expressed his distrust of assigned counsel, stating "[y]ou can't allow a man who is going to sell me out to represent me."

Two days later, defendant once again moved in writing for reassignment of counsel or, in the alternative, the opportunity to proceed pro se, citing assigned counsel's "incompetence" and purported retaliatory conduct against defendant for requesting new counsel. On April 28, 2004, the prosecutor informed the court that assigned counsel did indeed have a conflict and County Court appointed another attorney to represent defendant. However, this time defendant objected to the appointment asserting that the new attorney had represented an individual who had previously testified against defendant in an unrelated matter. County Court therefore assigned a third attorney to represent defendant. Defendant did not object to that appointment nor did he reassert his desire to proceed pro se. Rather, defendant simply asked if his third assigned counsel would be present at the next calendar call.

Following a jury trial, defendant was convicted of one count of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree and acquitted of the remaining counts. Defendant was adjudicated a second felony offender and sentenced to indeterminate terms of imprisonment of 9 to 18 years on each count, with both sentences to run concurrently.

Defendant appealed his conviction, asserting that County Court deprived him of his Sixth Amendment right to represent himself. The Appellate Division held that County Court improperly denied defendant's timely and unequivocal request to proceed pro se, but nevertheless affirmed defendant's conviction because defendant, by proceeding to trial with his third assigned counsel and not expressing a further desire to proceed pro se, abandoned his request to represent himself. We now af-

firm defendant's conviction on the ground that defendant's request to represent himself was not clear and unequivocal.

We have long recognized that a defendant "may insist on foregoing the benefits associated with the right to counsel and proceeding on a *pro se* basis," but have also cautioned that waiver of the "fundamental right to counsel requires that a trial court must be satisfied that a defendant's waiver is unequivocal, voluntary and intelligent" (*People v Smith*, 92 NY2d 516, 520 [1998]). "Regardless of his lack of expertise and the rashness of his choice," a defendant may "choose to waive counsel if he [does] so knowingly and voluntarily" (*People v Vivenzio*, 62 NY2d 775, 776 [1984], citing *Faretta v California*, 422 US 806 [1975]).

A defendant's request to represent himself "must be invoked clearly and unequivocally" (*People v LaValle*, 3 NY3d 88, 106 [2004], citing *Faretta*, 422 US 806 [1975]). In order to ensure that convicted defendants do not "pervert the system by subsequently claiming a denial of their *pro se* right, the *pro se* request must be clearly and unconditionally presented to the trial court" (*People v McIntyre*, 36 NY2d 10, 17 [1974]).

While defendant's conditioning of his request for new counsel with a request for self-representation did not necessarily render the latter request equivocal, here defendant raised the argument for self-representation as a way of obtaining the dismissal of his first assigned counsel. Moreover, defendant's initial requests to proceed pro se were made in the alternative; he sought to represent himself only because County Court refused to replace the first assigned counsel who had displeased him. After County Court appointed a second attorney, defendant did not ask to proceed pro se, but merely objected to the appointment because of a perceived conflict of interest. Thus, defendant's objections to his first two assigned counsel were made not because defendant wanted to proceed pro se, but because he was dissatisfied with them. When County Court announced the appointment of a third attorney, defendant simply asked if his third assigned counsel would be present at the next calendar call. Even if it could be argued that defendant did not equivocate at the outset of the proceedings, any error was cured when the court assigned defendant's third counsel. Defendant voiced no dissatisfaction with that appointment, and remained silent thereafter. Upon the appointment of his third assigned counsel, "[t]he issue of self-representation was closed," with defendant seemingly satisfied with that appointment (*LaValle*, 3 NY3d at 107).

We have considered defendant's remaining argument and find that it has not been preserved for review. Accordingly, the order of the Appellate Division should be affirmed.

Smith, J. (concurring). I am unable to join the majority opinion, because I see no equivocation in defendant's request to proceed pro se. It is true that his request was made in the alternative; he wanted to act as his own lawyer only if his request for a new lawyer was denied, as it was. But a request made in the alternative can still be unequivocal. Indeed, many if not most defendants who choose to represent themselves probably do so because they are displeased with the counsel the court appointed, and would be happy to proceed with a lawyer if they could get one who satisfied them. That does not mean that they cannot exercise their right under *Faretta v California* (422 US 806 [1975]) to be pro se.

Thus I conclude that the trial court erred when it refused defendant's request to proceed pro se. I would vote to reverse defendant's conviction, but for the fact that, after his request was denied, a conflict of interest led to the replacement of his lawyer by a new one—the result he had preferred all along. This fortuitous event effectively cured the trial court's error in denying defendant's *Faretta* request. If, having obtained the remedy he originally preferred, defendant still wanted to represent himself, he should have said so.

Chief Judge Kaye and Judges Ciparick, Rosenblatt, Graffeo and Read concur with Judge Pigott; Judge Smith concurs in result in a separate opinion.

Order affirmed.