■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [864 NYS2d 429]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered September 18, 2006, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 8¹/₂ years, unanimously affirmed.

By failing to make a clear and unequivocal request to represent himself (see People v McIntyre, 36 NY2d 10, 17 [1974]), defendant did not express the "definitive commitment to self-representation" that would trigger the need for a full inquiry by the court as to whether it should permit him to proceed pro se (see People v LaValle, 3 NY3d 88, 106 [2004]; compare People v Rodriguez, 46 AD3d 396, 397 [2007], lv denied 10 NY3d 844 [2008]). Defendant's expression of a desire to represent himself was linked to meritless requests for, among other things, an adjournment in order to prepare for such self-representation, which the court appropriately denied, whereupon defendant abandoned his request to proceed pro se (see People v Gillian, 8 NY3d 85, 88 [2006]; People v Payton, 45 NY2d 300, 314 [1978], revd on other grounds 445 US 573 [1980]; People v McClam, 297 AD2d 514, 514 [2002], lv denied 99 NY2d 537 [2002]). Defendant never stated or indicated that, even without an adjournment, he still wanted to represent himself.

Defendant's challenges to isolated portions of the court's main and supplementary jury instructions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. When viewed in context, neither of the instructions at issue could have misled the jury as to the requisite burden of proof or the jury's function with regard to lesser included offenses (see People v Umali, 10 NY3d 417, 426-427 [2008]). Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ.