◼ In the Matter of KATHLEEN K., a Child Alleged to be Permanently Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN K., Appellant. (Proceeding

No. 1.) In the Matter of RACHEL K., a Child Alleged to be Permanently Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN K., Appellant. (Proceeding No. 2.) In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v STEVEN K., Appellant, et al., Respondent. (Proceeding No. 3.) [899 NYS2d 271]—In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect and child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated January 22, 2009, which changed the permanency plan for his two daughters, Kathleen K. and Rachel K., to "placement for adoption" and extended placement of the subject children until June 1, 2009, (2) a fact-finding order of the same court dated May 7, 2009, which, after a hearing, found that he permanently neglected the subject children, and (3) an order of disposition of the same court dated June 2, 2009, which terminated his parental rights on the ground of permanent neglect and transferred guardianship and custody of the subject children to the Suffolk County Department of Social Services.

Ordered that the appeal from the order dated January 22, 2009, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The father made an application to proceed pro se at a fact-finding hearing regarding the termination of his parental rights. The only issue raised on the appeals from the fact-finding order and the order of disposition is whether the Family Court erred in denying that application. We find that it did not. The father's request to represent himself was not unequivocal (cf. *People v Johnson*, 55 AD3d 328 [2008]; *People v Kennedy*, 25 AD3d 567 [2006]; *People v Carter*, 299 AD2d 418 [2002]; *People v Jones*, 187 AD2d 750, 751 [1992]). In any event, the record as a whole demonstrates that the father did not understand the ramifications of waiving counsel, and could not knowingly and intelligently waive his right to counsel (*see People v Providence*, 2 NY3d 579, 583-584 [2004]).

Since the father has not raised any arguments regarding his appeal from the order dated January 22, 2009, his appeal from

that order must be dismissed as abandoned (*see Matter of West Bushwick Urban Renewal Area Phase 2*, 50 AD3d 695, 696 [2008]; *Tobacco v North Babylon Volunteer Fire Dept.*, 276 AD2d 551, 552 [2000]; *Matter of Anonymous v Grievance Comm. for Second & Eleventh Jud. Dists. of State of N.Y.*, 136 AD2d 344, 349 [1988]). Rivera, J.P., Florio, Miller and Eng, JJ., concur.