[953 NE2d 773, 929 NYS2d 535]

In the Matter of KATHLEEN K., a Child Alleged to be Permanently Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN K., Appellant. (And Two Other Proceedings.)

Argued May 4, 2011; decided June 9, 2011

**POINTS OF COUNSEL**

*Feldman and Feldman,* Uniondale (*Steven A. Feldman* and *Arza Feldman* of counsel), for appellant. Appellant should be granted a new termination hearing, before a different Family Court judge, because, notwithstanding a timely and unequivocal prehearing request to represent himself, the Family Court denied his *Faretta* request without conducting the requisite inquiry. (*Faretta v California,* 422 US 806; *People v Arroyo,* 98 NY2d 101; *People v McIntyre,* 36 NY2d 10; *Adams v United States ex rel. McCann,* 317 US 269; *People v Smith,* 68 NY2d 737; *Matter of Casey N.,* 59 AD3d 625; *Matter of McGregor v Bacchus,* 54 AD3d 678; *Matter of Silvestris v Silvestris,* 24 AD2d 247; *People v Slaughter,* 78 NY2d 485; *People v Vivenzio,* 62 NY2d 775.)

*Christine Malafi, County Attorney*, Riverhead (*James G. Bernet* and *Ann K. Kandel* of counsel), for respondent. I. Appellant did not make either a timely or unequivocal request to represent himself. (*Faretta v California*, 422 US 806; *Matter of Casey N.*, 59 AD3d 625; *Matter of Jetter v Jetter*, 43 AD3d 821; *Matter of McGregor v Bacchus*, 54 AD3d 678; *People v McIntyre*, 36 NY2d 10; *People v Smith*, 92 NY2d 516; *People v Arroyo*, 98 NY2d 101; *Matter of Jisun L. v Young Sun P.*, 75 AD3d 510; *People v Mitchell*, 42 AD3d 758; *People v McClam*, 297 AD2d 514.) II. The trial court had sufficient information to make a correct decision on a self-representation application. (*People v Arroyo*, 98 NY2d 101; *People v Providence*, 2 NY3d 579; *People v Slaughter*, 78 NY2d 485; *People v Vivenzio*, 62 NY2d 775; *Matter of Allen v Strough*, 301 AD2d 11; *Edgewater Constr. Co., Inc. v 81 & 3 of Watertown, Inc.*, 24 AD3d 1229; *Matter of Wesley R.*, 307 AD2d 360; *People v Fernandez*, 72 AD3d 303, 15 NY3d 213; *People v Smith*, 92 NY2d 516.) III. If appellant's self-representation application was improperly denied, such denial was harmless error. (*Chapman v California*, 386 US 18; *People v Crimmins*, 36 NY2d 230; *People v Wardlaw*, 6 NY3d 556; *People v Gillian*, 28 AD3d 577, 8 NY3d 85; *People v Navarro*, 96 AD2d 1126; *Matter of Star Leslie W.*, 63 NY2d 136; *Matter of Grace Q.*, 200 AD2d 894; *People v McIntyre*, 36 NY2d 10; *People v Smith*, 92 NY2d 516; *People v Slaughter*, 78 NY2d 485.) IV. Incompetency argument, raised for first time on appeal, lacks merit. (*T. W. Oil v Consolidated Edison Co. of N.Y.*, 57 NY2d 574; *Hunt v Bankers & Shippers Ins. Co. of N.Y.*, 50 NY2d 938; *Gulf Ins. Co. v Kanen*, 13 AD3d 579; *People v Providence*, 2 NY3d 579; *People v McIntyre*, 36 NY2d 10; *Matter of Nereida S.*, 57 NY2d 636; *Faretta v California*, 422 US 806; *People v Arroyo*, 98 NY2d 101; *People v Morgan*, 87 NY2d 878; *Jackson v Indiana*, 406 US 715.)

*Judd & Moss, P.C.*, Ronkonkoma (*Francine H. Moss* of counsel), Attorney for the Children. I. There was no prehearing *Faretta* request and requests made after the trial commenced were untimely and not unequivocal; as such appellant's rights were not violated. (*People v McIntyre*, 36 NY2d 10; *Faretta v California*, 422 US 806; *Chapman v United States*, 553 F2d 886; *United States v Smith*, 780 F2d 810; *Savage v Estelle*, 924 F2d 1459; *United States v Stevens*, 83 F3d 60; *People v Smith*, 68 NY2d 737; *People v Gillian*, 8 NY3d 85; *People v LaValle*, 3 NY3d 88; *People v Arroyo*, 98 NY2d 101.) II. Given that the parental termination proceeding is a civil and not a criminal proceeding, the Second Department's ruling is not internally

inconsistent. (*Matter of Vance A.*, 105 Misc 2d 254; *Matter of Daniel Aaron D.*, 49 NY2d 788; *Matter of Carmen G.F.*, 63 AD2d 651; *Matter of Casey J.*, 251 AD2d 1002; *Matter of Justice T.*, 19 AD3d 1079, 5 NY3d 707; *Matter of Barbara Anne B.*, 51 AD3d 1018; *Matter of Shawndalaya II.*, 31 AD3d 823; *Godinez v Moran*, 509 US 389.) III. The present status of the children is relevant and this Court must be concerned with their best interests. (*Matter of Michael B.*, 80 NY2d 299; *Matter of Danielle Joy K.*, 60 AD3d 948, 12 NY3d 865; *Matter of Antonette Alasha E.*, 8 AD3d 375; *Matter of Shad S. [Amy C.Y.]*, 67 AD3d 1359.)

## OPINION OF THE COURT

JONES, J.

In June 2007, child neglect proceedings were commenced, pursuant to Family Court Act article 10, by Suffolk County Child Protective Services against appellant Steven K., the father of Kathleen K. and Rachel K. At a hearing on June 5, 2007, testimony was elicited indicating that Steven K. had subjected his children and spouse to mental and physical abuse. Family Court issued a temporary order of protection directing Steven K. to cease all contact with his children except for supervised visitation. At a subsequent trial on September 7, 2007, Family Court found by a preponderance of the evidence that Steven K. had neglected his children. Consequently, in the best interests of the children, the order of protection was made permanent; the children were placed in the foster care of the Suffolk County Department of Social Services (DSS); and Steven K. was ordered to, among other things, undergo a mental health evaluation, attend a parenting skills program, and obtain safe and suitable housing.[1]

At a hearing on January 22, 2009, after learning that Steven K. had failed to comply with the court-ordered conditions, Family Court concluded that the permanency goal for the children should be modified to "free [them] for adoption" and directed DSS to file a petition seeking the termination of Steven K.'s parental rights. The mother of the children voluntarily surrendered her parental rights on December 18, 2008, and DSS filed parental right termination petitions on January 22, 2009 against Steven K. on the ground of permanent neglect (*see* Social Services Law § 384-b [7]).

On March 31, 2009, prior to the commencement of trial, counsel for Steven K. made an application to the court "to be

---

1. Family Court's finding of neglect in 2007 was affirmed by the Appellate Division (*see Matter of Kathleen K.*, 66 AD3d 683 [2d Dept 2009]).

relieved from this case" on the basis that Steven K. had "refused to work with [counsel] to discuss, to prepare for this trial." The attorney further argued that it was impossible to work with, or provide effective assistance to Steven K. because of his recalcitrant behavior. Family Court inquired about the application directly with Steven K., but in an exchange with the court, his response did not address the application; instead he spoke about personal medical issues, financial issues, and the possibility of an adjournment of the trial. Family Court denied the application. After DSS had called its first witness, the following colloquy occurred between Family Court and Steven K.:

> "THE COURT: And you are not in a position to object. You have a lawyer. You cannot object.
>
> "[STEVEN K.]: I asked for the lady to be terminated.
>
> "THE COURT: You're ready to proceed on your own?
>
> "[STEVEN K.]: If I have to.
>
> "THE COURT: You can't proceed on your own. You don't know the law.
>
> "[STEVEN K.]: We went through this already.
>
> "THE COURT: Sorry.
>
> "[STEVEN K.]: So you're refusing me an assignment of counsel.
>
> "THE COURT: I gave you counsel.
>
> "[STEVEN K.]: I turned it down."

Additionally, on April 2, 2009, counsel for Steven K. stated that she was renewing her application to be relieved and his application to represent himself. Family Court again denied the motion.

Following the completion of trial, Family Court terminated Steven K.'s parental rights due to his persistent failure to comply with court-mandated conditions and the lack of evidence evincing efforts to adequately provide for his family.[2] The Appellate Division unanimously upheld the disposition, holding that Steven K.'s applications to represent himself were not unequivocal and timely (71 AD3d 1146, 1147 [2d Dept 2010]). This Court granted leave to appeal (15 NY3d 702 [2010]), and we now affirm on the same basis.

It is well settled that a criminal defendant's constitutional right to counsel concomitantly includes the right to refuse

---

2. The children were subsequently adopted on March 12, 2010.

appointed counsel (*see Faretta v California*, 422 US 806 [1975]; *People v McIntyre*, 36 NY2d 10 [1974]; US Const Amend VI; NY Const, art I, § 6). In the seminal case *Faretta*, the United States Supreme Court explained that the right to defend oneself in a criminal proceeding is a personal right, i.e., it is defendant's right, not counsel's, to be informed of the charges and to confront the witnesses against him. Consequently, a criminal defendant can decline representation, but self-representation is not an unfettered right. The trial court must ensure that the defendant knowingly, intelligently, and voluntarily waives counsel before permitting the individual to forgo counsel and proceed pro se (*id.* at 835 [the court must ensure that "(defendant) knows what he is doing and his choice is made with eyes open"]). That a defendant lacks legal skill or knowledge is not a preclusive bar to self-representation so long as the defendant voluntarily waives the right to counsel (*id.* at 836 ["(T)echnical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself"]).

New York similarly guarantees a constitutional right of self-representation to criminal defendants. This Court has recognized that "even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice with eyes open" (*McIntyre*, 36 NY2d at 14 [internal quotation marks omitted]).

Accordingly, this Court has enumerated certain essential requirements that must be satisfied for a criminal defendant to effectively represent himself:

> "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*id.* at 17).

If a timely and unequivocal request has been asserted, then the trial court is obligated to conduct a "searching inquiry" to ensure that the defendant's waiver is knowing, intelligent, and voluntary (*see People v Slaughter*, 78 NY2d 485 [1991]; *People v Vivenzio*, 62 NY2d 775, 776 [1984]). A waiver is voluntarily made when the trial court advises the defendant and can be

certain that the "dangers and disadvantages of giving up the fundamental right to counsel have been impressed upon the defendant" (*Slaughter* at 491 [internal quotation marks omitted]). A "searching inquiry" does not have to be made in a formulaic manner (*see People v Smith*, 92 NY2d 516, 520 [1998]), although it is better practice to ask the defendant about his "age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (*People v Arroyo*, 98 NY2d 101, 104 [2002]).

Assuming, without deciding, that a parent in a termination of parental rights proceeding has a *Faretta*-type right of self-representation, in our view, the record does not facially demonstrate unequivocal and timely applications for self-representation that would have triggered a "searching inquiry." Steven K. argues that there are two junctures within the record where he invoked the right to represent himself. The first occurred on March 31, 2009, prior to the commencement of trial; and subsequently on April 2, 2009, the second day of trial. With respect to the first application, although its timeliness is not at issue because it was made prior to trial, on this record, the request was not unequivocal. Contrary to Steven K.'s contention, rather than clearly articulating that he sought to represent himself, his counsel stated that she wanted "to be relieved from this case" without advising the court that Steven K. wished to proceed pro se (*see People v Rainey*, 240 AD2d 682, 683 [2d Dept 1997]; *People v Jones*, 187 AD2d 750 [3d Dept 1992]). When Family Court sought further explanation from Steven K. himself, he proffered nonresponsive answers that did not provide any clarity as to the basis of the application. The record further belies Steven K.'s position that he unequivocally sought to represent himself when he later informed the court "[t]hat's why I want a different counsel."

While Steven K. correctly argues that a request for self-representation does not require the recitation of "[a] talismanic formula" to alert a trial court (*Dorman v Wainwright*, 798 F2d 1358, 1366 [11th Cir 1986]), the application must reflect a purposeful decision to relinquish the benefit of counsel and proceed singularly. In *People v Gillian* (8 NY3d 85 [2006]), we held that a criminal defendant's request for self-representation which was made in the alternative to an underlying request for substitution of counsel was not an unequivocal request, especially where it was used as leverage to compel dismissal of assigned counsel. There, the defendant initially sought to

substitute his assigned counsel on the grounds of conflict of interest and difference in strategy. When that application was denied, the defendant moved to represent himself. The trial court denied the motion and the defendant again sought reassignment of counsel, or in the alternative, self-representation. The trial court twice substituted counsel, but when the defendant was assigned his third attorney, he did not renew any applications. This Court concluded that in substance the defendant's applications were for substitution of counsel because he was dissatisfied with his representation, and warned that a request for self-representation must be clear, unconditional, and unequivocal "[i]n order to ensure that convicted defendants do not pervert the system by subsequently claiming a denial of their *pro se* right" (*id.* at 88 [internal quotations marks omitted]). Like *Gillian*, this record does not reflect an affirmative desire for self-representation. It can be reasonably inferred that the gravamen of Steven K.'s complaint stemmed from dissatisfaction with counsel, and the tenor of the initial application indicates that self-representation was reserved as a final, conditional resort (*see People v LaValle*, 3 NY3d 88, 106 [2004]).

The second request, made after the commencement of trial, is clearly untimely. An application is "timely interposed when it is asserted before the trial commences" (*McIntyre*, 36 NY2d at 17; *see also People v Jenkins*, 45 AD3d 864, 865 [2d Dept 2007]; *People v Spohn*, 43 AD2d 843 [2d Dept 1974]). If the request is made thereafter, the "right is severely constricted" and the trial court must exercise its sound discretion and grant the request only under compelling circumstances (*McIntyre*, 36 NY2d at 17). Here, counsel reiterated her earlier application and proffered no compelling circumstances justifying the need to grant the application. In addition, there is nothing in the record to indicate that a compelling factor had arisen during the period between the first request on March 31, 2009 (the first day of trial) and the ensuing application on April 2, 2009 (the second day of trial) to warrant particular consideration by the court.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

SMITH, J. (concurring). Here, as in *People v Gillian* (8 NY3d 85 [2006]), the majority finds equivocation where I cannot. Appellant did answer, "If I have to," to the trial court's question: "You're ready to proceed on your own?" But when he said that, it was clear, beyond doubt, that he *did* have to unless he was to

continue with his court-appointed lawyer; and it was equally clear that he found that lawyer unacceptable. The whole point of the right of self-representation recognized in *Faretta v California* (422 US 806 [1975]) is that a defendant in a criminal case is entitled to choose, however foolishly and self-destructively, to represent himself rather than to take a lawyer forced on him by the state. Thus if appellant here had a *Faretta* right, his invocation of it was not equivocal.

The trial court's response to appellant's application was: "You can't proceed on your own. You don't know the law." Surely no one would argue—and the majority here does not suggest—that this would be an appropriate response to a defendant's request to go pro se in a criminal case. Criminal defendants, no matter how little law they know, are entitled to blunder through on their own if they want to, so long as they are competent to stand trial (*Godinez v Moran*, 509 US 389 [1993]).

I therefore think that this case requires us to reach the question the majority avoids deciding: Does the right protected by *Farreta* and *Godinez* apply in a Family Court proceeding for the termination of parental rights? I would answer that question no. The difference between a criminal case and a case like this is glaring. A criminal defendant who chooses to go without a lawyer will ordinarily harm no one but himself, but a parent who makes that choice in a parental rights proceeding can harm his children. Weighty as appellant's own interest in the outcome of this proceeding is, the interests of his two daughters are no less so. It was essential for their protection that both sides of the case be competently presented; otherwise there would be an unacceptable danger that parental rights would be terminated when they should not be.

Thus I conclude that the Family Court judge in this case was entirely right—just as right as a criminal court judge similarly situated would have been wrong—to tell appellant: "You can't proceed on your own. You don't know the law." For that reason, I concur in the result reached by the majority.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and PIGOTT concur with Judge JONES; Judge SMITH concurs in result in a separate opinion.

Order affirmed, without costs.