█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER ESTED, Appellant. [10 NYS3d 613]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered August 31, 2011, as amended September 2, 2011, convicting him of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Marrus, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, raised in his pro se supplemental brief, the Supreme Court properly denied those branches of his omnibus motion which were to suppress a handgun in his possession at the time he was arrested and his post-arrest statements to law enforcement officials. The defendant contended that the handgun and his statements were the products of an unlawful search and arrest. However, the defendant had no standing to challenge the warrantless search of an enclosed parking lot in which he was found by the police and arrested. At the suppression hearing, he failed to demonstrate a legitimate expectation of privacy in the parking lot (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *People v Rodriguez*, 69 NY2d 159, 162-163 [1987]).

Contrary to the defendant's contention, the Supreme Court did not deprive him of his constitutional right to represent himself. "A defendant's request to represent himself 'must be invoked clearly and unequivocally' " (*People v Gillian*, 8 NY3d 85, 88 [2006], quoting *People v LaValle*, 3 NY3d 88, 106 [2004]). Here, the defendant's request to proceed pro se was not unequivocal. Rather, the request was made in the context of expressing dissatisfaction with assigned counsel and as an alternative to his request for substitution of counsel, and, thus, the request did not "reflect an affirmative desire for self-representation" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 387 [2011]; *see People v Gillian*, 8 NY3d at 88; *People v Jackson*, 97 AD3d 693, 694 [2012]; *People v Littlejohn*, 92 AD3d 898, 898 [2012]).

As the People correctly concede, the defendant's conviction of criminal possession of a weapon in the fourth degree and the sentence imposed thereon must be vacated, and that count of the indictment must be dismissed as an inclusory concurrent count of criminal possession of a weapon in the second degree (*see* CPL 300.30 [4]; 300.40 [3] [b]; Penal Law §§ 265.01 [1]; 265.03 [1] [b]).

The defendant failed to preserve for appellate review his contentions that the sentence imposed improperly penalized him for exercising his right to a jury trial and was improperly based on factual inaccuracies (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Thompson*, 119 AD3d 966, 968 [2014]; *People v Brown*, 38 AD3d 676, 677 [2007]). In any event, these contentions are without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.