■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL D. MIDDLEMISS, Appellant. [627 NYS2d 580] —Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered April 11, 1994, convicting defendant upon his plea of guilty of the crime of sodomy in the third degree.

Defendant was charged with sodomy in the second degree as the result of an incident in which he allegedly had deviant sexual intercourse with a 13-year-old boy. He pleaded guilty to sodomy in the third degree and received a sentence of 1 to 3 years in prison. In view of defendant's prior criminal history, which reveals that he previously committed acts of the same nature, and the fact that the sentence imposed was within statutory guidelines, we reject defendant's claim that the sentence is harsh and excessive. We further find that defendant's contention that he was denied the effective assistance of counsel is more properly raised in the context of a CPL article 440 motion; in any event, the argument is without merit.

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

■ In the Matter of the Claim of KATHLEEN A. DRAGO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [627 NYS2d 183] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 1993, as amended by a decision filed December 20, 1994, which, *inter alia,* ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment as a result of an act constituting a felony in connection with such employment.

Claimant, the office manager of a pet cemetery, lost her job when her employer was forced to cease operations by the Federal Bureau of Investigation for misrepresentations made to clients. The evidence in the record is undisputed that claimant pleaded guilty to felony charges of mail fraud in connection with this investigation. Accordingly, we find that substantial evidence supports the Board's decision that claimant was disqualified from receiving unemployment insurance benefits. Moreover, in view of the reopening of the Board's initial decision by a different panel, we find claimant's assertion of a conflict of interest by one of the original panel members to be moot.

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.