■ In the Matter of PATRICIA OSWALD et al., Respondents, v ALENA OSWALD et al., Appellants. [639 NYS2d 76] —In a visitation proceeding pursuant to Family Court Act article 6, the respondent mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Scancarelli, J.), dated October 28, 1993, as, after a hearing and upon granting the petitioner's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the petitioner's case, terminated the visitation between her and her child Charity.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

There is no merit to the appellant's contention that the Family Court improperly granted the petitioner's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of

the petitioner's case. Although the motion was granted without any proof having been presented by the opposing parties, none of their witnesses were ready to testify and the appellant's counsel, in essence, asked the court for an adjournment to have further evaluations done. The court denied the appellant's request because it was not made before the hearing. Since the appellant had no evidence to present, the case was completed when the court denied her application for an adjournment. Therefore, the court complied with CPLR 4401, which provides that a party may move for judgment as a matter of law after the close of the evidence presented by an opposing party.

In addition, the court did not improperly rule on the credibility of a potential witness for the appellant prior to his appearance and testimony. The witness, a doctor, did not examine any of the parties during the year in which the petitioner alleged there was a change of circumstances. Thus, the witness, if called, would not have had any impact on the testimony already presented by the petitioner. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.