THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEID K. LOTT, Appellant. [804 NYS2d 881]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered October 1, 2001. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, kidnapping in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and other crimes. Defendant primarily contends that he was deprived of his right to counsel at a criti-

cal pretrial stage of the case because Supreme Court failed to conduct a searching inquiry of defendant concerning his election to proceed pro se and failed to warn him of the dangers and disadvantages of self-representation (*see People v Henriquez*, 3 NY3d 210, 224 [2004]; *People v Providence*, 2 NY3d 579, 582 [2004]; *People v Arroyo*, 98 NY2d 101, 103-104 [2002]; *People v Slaughter*, 78 NY2d 485, 491 [1991]). We agree. Here, the court failed to make any inquiry with respect to defendant's election to proceed pro se, thus failing to "accomplish the goals of adequately warning [the] defendant of the risks inherent in proceeding *pro se*, and apprising [the] defendant of the singular importance of the lawyer in the adversarial system of adjudication" (*People v Smith*, 92 NY2d 516, 520 [1998], citing *People v Kaltenbach*, 60 NY2d 797, 798-799 [1983]; *see Arroyo*, 98 NY2d at 103-104; *Slaughter*, 78 NY2d at 491-492; *People v Wardlaw*, 18 AD3d 106, 108-109 [2005], *lv granted* 5 NY3d 771 [2005]).

We reject the People's contention that the court's error in allowing defendant to proceed pro se is harmless under the circumstances of this case (*cf. Wardlaw*, 18 AD3d at 109-114; *see generally Slaughter*, 78 NY2d at 492; *People v Wicks*, 76 NY2d 128, 132-133 [1990], *rearg denied* 76 NY2d 773 [1990]; *People v Hodge*, 53 NY2d 313, 320-321 [1981]). During the time in which defendant was proceeding pro se, he served a notice of alibi in which he represented that, throughout the day of the crime, he had been at "202 E. Delevan spending time with family, cooking, preparing meals amongst other things, etc." At trial, however, defendant and witnesses on his behalf testified that, during the particular time in question, defendant and others had gone to a shopping mall, and thus the evidence presented by defendant at trial contradicted his notice of alibi. On cross-examination of defendant and on summation, the prosecutor exploited that contradiction as well as various other deficiencies in the pro se notice of alibi.

The denial of counsel to defendant at the pretrial stage was an error of constitutional dimension (*see Wicks*, 76 NY2d at 132). Consequently, in determining whether the error is harmless, we must determine whether there is any reasonable possibility that the error contributed to defendant's conviction (*see Slaughter*, 78 NY2d at 492-493; *Wicks*, 76 NY2d at 133; *People v Felder*, 47 NY2d 287, 295 [1979]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). In our view, the defense was impaired to a significant extent by the pretrial denial of the right to counsel, particularly as a result of defendant's service of the pro se notice of alibi. We thus conclude that there is a reasonable possibility that the error contributed to defendant's

conviction (*see Slaughter,* 78 NY2d at 492-493; *cf. People v Carracedo,* 89 NY2d 1059, 1061-1062 [1997]; *Wardlaw,* 18 AD3d at 113-114). Indeed, "[o]n the present record, it is impossible to assert 'beyond a reasonable doubt' that the deprivation of counsel produced no adverse consequences" (*Hodge,* 53 NY2d at 320; *see People v Knapp,* 52 NY2d 689, 698 [1981]). It cannot be said that "defendant's prejudice arguments are simply too speculative to form the basis for" the relief requested by defendant, i.e., reversal of the judgment of conviction and a new trial (*Carracedo,* 89 NY2d at 1062). Indeed, we conclude that defendant must be restored to his status immediately postindictment, with leave to serve, e.g., a new set of motion papers, discovery requests and notices, in order to place him "in a position comparable to the one he would have occupied had his right to counsel not been compromised" for much of the pretrial phase (*Hodge,* 53 NY2d at 321).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of attempted murder in the second degree and assault in the first degree (*see People v Gray,* 86 NY2d 10, 19 [1995]). In any event, we conclude that his contention is without merit (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Rudolph,* 16 AD3d 1151, 1152 [2005]). We further conclude that the verdict is not against the weight of the evidence with respect to those counts (*see generally Bleakley,* 69 NY2d at 495), and we reject defendant's contention that the conviction of kidnapping in the second degree merges with the other crimes of which defendant was convicted (*see People v O'Connor,* 21 AD3d 1364 [2005]; *People v Wegman,* 2 AD3d 1333, 1336 [2003], *lv denied* 2 NY3d 747 [2004]). In light of our decision, we do not address defendant's remaining contentions. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.