■ In the Matter of STEPHEN DANIEL A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SANDRA M., Appellant, et al., Respondent. [930 NYS2d 14]—

As a respondent in a proceeding pursuant to Family Court Act article 10, the mother had both a constitutional and a statutory right to the assistance of counsel (*see* US Const Amend VI; NY Const, art I, § 6; Family Ct Act § 262 [a] [i]; *Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008]; *Matter of Ella B.*, 30 NY2d 352, 356-357 [1972]; *Matter of Casey N.*, 59 AD3d 625, 627 [2009]). A party may waive that right and proceed without counsel (*see People v Arroyo*, 98 NY2d 101, 103 [2002]; *Matter of Guzzo v Guzzo*, 50 AD3d 687, 688 [2008]; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]). However, prior to permitting a party to proceed pro se, the court must determine that the decision to do so is made knowingly, intelligently, and voluntarily (*see People v Arroyo*, 98 NY2d at 103). In determining whether a waiver meets this requirement, the court should conduct a "searching inquiry" of that party (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385 [2011]; *People v Arroyo*, 98 NY2d at 103; *People v Slaughter*, 78 NY2d 485, 491 [1991]; *Matter of Spencer v Spencer*, 77 AD3d 761, 761-762 [2010]; *Matter of Casey N.*, 59 AD3d at 627; *Matter of Jetter v Jetter*, 43 AD3d at 822). "Although there is no 'rigid formula' as to the questions the court needs to ask for counsel waivers, there must be a showing that the party 'was aware of the dangers and disadvantages of proceeding without counsel' " (*Matter of Jetter v Jetter*, 43 AD3d at 822, quoting *People v Providence*, 2 NY3d 579, 582-583 [2004]; *see Matter of Deon M. [Vernon B.]*, 68 AD3d 1740, 1741-1742 [2009]; *Matter of Casey N.*, 59 AD3d at 627).

Here, the Family Court permitted the mother to change counsel on multiple occasions, cautioned her to retain counsel, and appointed counsel to represent her. Prior to the two permanency hearings at issue, upon the mother's request, the Family Court allowed the mother to proceed pro se and directed the mother's appointed counsel to provide assistance to her in an

advisory capacity. However, the Family Court failed to conduct a "searching inquiry" of the mother in order to be reasonably certain that she understood the dangers and disadvantages of giving up the fundamental right of counsel (*see Matter of Spencer v Spencer*, 77 AD3d at 761-762; *Matter of Casey N.*, 59 AD3d at 627). Accordingly, because the Family Court did not ensure that the mother's waiver of her right to counsel was made knowingly, intelligently, and voluntarily, we reverse the orders dated September 29, 2009, and April 19, 2010, insofar as appealed from and remit the matter to the Family Court, Queens County, for a new permanency hearing and determination.

The mother's remaining contentions are without merit. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.