■ In the Matter of DASHAWN N., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOU-

vonne N., Appellant. (Proceeding No. 1.) In the Matter of JUDAE N., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding No. 2.) In the Matter of NICHOLAS N., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding No. 3.) In the Matter of KELSEY N.-C., Also Known as KELCIE N.-C., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOUVONNE N., Appellant. (Proceeding No. 4.) [958 NYS2d 396]—

A continuation of a permanency hearing was scheduled before a Court Attorney Referee (hereinafter the Referee) in the Family Court, Westchester County, at 9:30 a.m. on May 4, 2012. At 9:45 a.m. on May 4, 2012, the Referee proceeded with the hearing, despite the absence of the mother and the mother's attorney. The Referee made no inquiry into whether the mother or her attorney were en route to the hearing, or were actually somewhere in the Family Court. At the conclusion of the 17-minute hearing, the Referee, inter alia, made certain determina-

tions and approved the petitioner's request to modify the permanency goal for the subject child Kelsey N.-C. (hereinafter the subject child) from reunification with the mother to placement for adoption.

That same day, the mother's attorney moved by order to show cause to vacate the determinations made at the May 4, 2012, permanency hearing. The mother's attorney asserted that he arrived at the Family Court for the hearing on May 4, 2012, at approximately 9:43 a.m., and was waiting for the case to be called. The mother's attorney maintained that he saw an Assistant County Attorney, who represented the petitioner in the matter, in the waiting area and that the Assistant County Attorney saw him, but that he moved to a different waiting area and began reviewing his file. At 10:15 a.m., the mother's attorney saw the attorney for the children, who informed him that the proceeding was "done." According to the mother's attorney, a court officer told him that the case and his name were called at 9:50 a.m., but the mother's attorney did not hear his name called. In an order dated May 16, 2012, the Family Court, inter alia, denied the motion to vacate the determinations and, in an order dated May 23, 2012, the Family Court, among other things, changed the permanency goal for the subject child from reunification with the mother to placement for adoption.

Under the particular circumstances of this case, the Family Court improperly conducted the permanency hearing on May 4, 2012, in the absence of the mother's attorney (see Matter of Williams v Bentley, 26 AD3d 441 [2006]). The Family Court's actions in this regard effectively deprived the mother of her fundamental right to counsel (see US Const Amend VI; NY Const, art I, § 6; Family Ct Act § 262 [a] [i]; Matter of Stephen Daniel A. [Sandra M.], 87 AD3d 735, 736 [2011]), which also constituted a denial of due process and requires reversal, without regard to the merits of the mother's position (see Matter of Williams v Bentley, 26 AD3d at 442; Matter of Knight v Griffith, 13 AD3d 449 [2004]).

Accordingly, the orders dated May 16, 2012, and May 23, 2012, must be reversed insofar as appealed from, the mother's motion to vacate the determinations made at the May 4, 2012, permanency hearing must be granted, and the matter must be remitted to the Family Court, Westchester County, for a new hearing before a different Court Attorney Referee as to the permanency goal for the subject child and a new determination thereafter.

The Family Court properly denied the mother's motion to vacate certain determinations made by the Referee on the ground of lack of jurisdiction. Contrary to the mother's conten-

tion, the Referee had jurisdiction to render the subject determinations based on an order of reference and a stipulation of the parties dated September 27, 2011.

The mother's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.