*1110 The New York City Administration for Children’s Services (hereinafter the ACS) commenced a child protective proceeding pursuant to Family Court Act article 10 against the mother and the father in 2001. In 2005, the Family Court found that mother and the father abused the subject child, and thereafter placed the child in the custody of the Commissioner of Social Services until the completion of a permanency hearing.
In August 2008, MercyFirst commenced this proceeding, inter alia, pursuant to Social Services Law § 384-b to terminate the mother’s parental rights on the grounds of mental illness and permanent neglect, and for a determination that the father’s consent was not required for the subject child’s adoption pursuant to Domestic Relations Law § 111 (1) (d).
In March 2009, the mother moved, inter alia, to relieve her retained counsel. At a proceeding conducted on March 23, 2009, the Family Court granted that branch of the mother’s motion, and counsel was assigned to represent the mother. At a proceeding conducted on June 9, 2009, the mother sought to relieve assigned counsel and proceed pro se, and the Family Court granted the mother’s application.
Thereafter, a permanency hearing was held in the child protective proceeding, and the Family Court issued orders approving the permanency goal of “placement for adoption,” and continuing that permanency goal. On prior appeals from those orders by the mother, this Court determined that, at the June 9, 2009 proceeding, “the Family Court [had] failed to conduct a ‘searching inquiry’ of the mother in order to be reasonably certain that she understood the dangers and disadvantages of giving up the fundamental right of counsel,” and, thus, “did not ensure that the mother’s waiver of her right to counsel was made knowingly, intelligently, and voluntarily” (Matter of Stephen Daniel A. [Sandra M.], 87 AD3d 735, 737 [2011]).
While the prior appeals were pending, the fact-finding hearing in the termination of parental rights proceeding commenced in December 2009, and the mother protested that she intended to retain, but had not yet retained, new counsel. New counsel did not appear on the mother’s behalf until October 2010, after *1111 Mercy First had. presented its witnesses, including the mother, and closed its case on the issue of permanent neglect, and after the mother had begun presenting witnesses in her case.
In an order of fact-finding and disposition dated October 19, 2011, the Family Court, inter alia, found that the mother permanently neglected the subject child and was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, terminated her parental rights, and transferred guardianship and custody of the subject child to Mercy First and the Commissioner of the ACS for the purpose of adoption. The mother appeals from those portions of the order. In the same order, the Family Court, among other things, determined that the father’s consent was not required for the subject child’s adoption pursuant to Domestic Relations Law § 111 (1) (d), and the father appeals from stated portions of the order.
A parent in a proceeding pursuant to Social Services Law § 384-b to terminate parental rights has the right to the assistance of counsel (see Family Ct Act § 262 [a] [iv]). Although a party to such a proceeding may waive that right and proceed without counsel, the court must first determine that the decision to do so is made knowingly, intelligently, and voluntarily (see People v Arroyo, 98 NY2d 101, 103 [2002]; Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 736). In determining whether the waiver of the right to counsel meets this requirement, the court must conduct a “ ‘searching inquiry’ ” of the party (Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 736, quoting Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011]). “Although there is no ‘rigid formula’ as to the questions the court needs to ask for counsel waivers, there must be a showing that the party ‘was aware of the dangers and disadvantages of proceeding without counsel’ ” (Matter of Jetter v Jetter, 43 AD3d at 822, quoting People v Providence, 2 NY3d 579, 582 [2004]).
In light of this Court’s determination on the prior appeals that the Family Court failed to conduct the requisite “searching inquiry” at the proceeding conducted on June 9, 2009, we reverse the order of fact-finding and disposition insofar as appealed from by the mother, and remit the matter to the Family Court, Queens County, for a new fact-finding hearing and a new determination thereafter (see Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 737).
Contrary to the father’s contention, the Family Court properly determined that his consent to the subject child’s adoption was not required under Domestic Relations Law § 111 (1) (d), *1112 because he failed to maintain substantial and continuous or repeated contact with the subject child through the payment of support and either regular visitation or other communication with the child (see Domestic Relations Law § 111 [1] [d]; Matter of Michael A.B. [Richard A.B.], 98 AD3d 579 [2012]; Matter of Janette C. [Sean R.], 88 AD3d 787 [2011]). The Family Court did not credit the father’s allegation that MercyFirst and ACS prevented him from communicating with the child, and we decline to disturb that determination.
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Dillon, Hall and Miller, JJ., concur.