■ In the Matter of VANNA BELMONTE, Respondent, v JAIRO BATISTA, Appellant. [961 NYS2d 174]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Wohlforth, Ct. Atty. Ref.), dated April 27, 2011, which, after a hearing, granted the mother's petition for sole custody of the subject child with certain visitation to him.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing, to be held with all convenient speed, on the mother's petition, after an appropriate inquiry as to whether the parties wish to proceed with or without counsel, and a new determination thereafter; and it is further,

Ordered that pending the new determination, the parties shall follow the custody and visitation provisions set forth in the order appealed from.

The mother's contention that the appeal should be dismissed is without merit.

As a respondent in a custody proceeding has the right to be represented by counsel (*see* Family Ct Act § 262; *Matter of Collier v Norman*, 69 AD3d 936, 937 [2010]). A party may waive that right and proceed without counsel (*see People v Arroyo*, 98 NY2d 101, 103 [2002]). However, prior to permitting a party to proceed pro se, the court must determine that the decision to do so is made knowingly, intelligently, and voluntarily (*see id.*; *Matter of Stephen Daniel A. [Sandra M.]*, 87 AD3d 735, 736 [2011]; *Matter of Casey N.*, 59 AD3d 625, 627 [2009]). In determining whether a waiver meets this requirement, the court should conduct a "searching inquiry" of that party (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385 [2011]; *see People v Arroyo*, 98 NY2d at 103; *People v Slaughter*, 78 NY2d 485, 491 [1991]; *Matter of Stephen Daniel A. [Sandra M.]*, 87 AD3d at 736). "Although there is no rigid formula as to the questions the court needs to ask for counsel waivers, there must be a showing that the party was aware of the dangers and disadvantages of

proceeding without counsel" (*Matter of Stephen Daniel A. [Sandra M.]*, 87 AD3d at 736 [internal quotation marks omitted]; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007] [internal quotation marks omitted]; *see Matter of Kathleen K. [Steven K.]*, 17 NY3d at 385-386; *Matter of Casey N.*, 59 AD3d at 627-628).

Here, at the first hearing, which lasted only 11 minutes, the Family Court advised the parties of their right to counsel, which both parties waived. However, given the confusion in the father's response to the question of whether he would proceed without an attorney, the Family Court failed to determine that his waiver was knowingly, intelligently, and voluntarily made. Moreover, at the second hearing, which lasted only eight minutes and culminated in a final order of custody and visitation, the Family Court failed to even elicit an answer from the father as to whether he was waiving his right to counsel. Thus, the Family Court failed to conduct a "searching inquiry" of the father in order to be reasonably certain that he understood the dangers and disadvantages of giving up the fundamental right to counsel (*see Matter of Stephen Daniel A. [Sandra M.]*, 87 AD3d at 736-737).

"The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding is a denial of due process which requires reversal, regardless of the merits of the unrepresented party's position" (*Matter of Rosof v Mallory*, 88 AD3d 802, 802-803 [2011]; *see Matter of Howard v Howard*, 85 AD3d 1587, 1588 [2011]; *Matter of Collier v Norman*, 69 AD3d at 937). Accordingly, the order must be reversed and the matter remitted to the Family Court, Kings County, for a new hearing, to be held with all convenient speed, on the mother's petition, after an appropriate inquiry as to whether the parties wish to proceed with or without counsel, and a new determination thereafter. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.