SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1475
KA 11-01197
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHARLES R. WILSON, DEFENDANT-APPELLANT.
_____

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (AMANDA M. CHAFEE OF
COUNSEL), FOR RESPONDENT.
_____

Appeal from an order of the Steuben County Court (Joseph W.
Latham, J.), entered May 5, 2011.  The order determined that defendant
is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, and the matter is
remitted to Steuben County Court for further proceedings in accordance
with the following Memorandum:  Defendant appeals from an order
determining that he is a level three risk under the Sex Offender
Registration Act ([SORA] Correction Law § 168 *et seq.*).  We agree with
defendant that County Court did not perform the requisite searching
inquiry when evaluating defendant's request to proceed pro se, and we
therefore reverse the order and remit the matter to County Court for a
new SORA proceeding in accordance with defendant's right to counsel
(*see generally People v Allen*, 99 AD3d 1252, 1253).

It is well settled that defendants have a statutory right to
counsel in SORA proceedings (*see* Correction Law § 168-n [3]; *People v
David W.*, 95 NY2d 130, 138; *People v Bowles*, 89 AD3d 171, 178-179, *lv
denied* 18 NY3d 807; *People v Wyatt*, 89 AD3d 112, 117, *lv denied* 18
NY3d 803).  A defendant's right to proceed pro se is also well settled
(*see People v McIntyre*, 36 NY2d 10, 17).  In order to invoke that
right, however, "(1) the request [must be] unequivocal and timely
asserted, (2) there [must be] a knowing and intelligent waiver of the
right to counsel, and (3) the defendant [must not have] engaged in
conduct which would prevent the fair and orderly exposition of the
issues" (*id.; see People v Chicherchia*, 86 AD3d 953, 954, *lv denied* 17
NY3d 952).  "If a timely and unequivocal request has been asserted,
then the trial court is obligated to conduct a 'searching inquiry' to
ensure that the defendant's waiver is knowing, intelligent, and
voluntary" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385; *see
People v Crampe*, 17 NY3d 469, 481-482).  The requisite inquiry

" 'should affirmatively disclose that a trial court has delved into a defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver' " (*People v Arroyo*, 98 NY2d 101, 104, quoting *People v Smith*, 92 NY2d 516, 520).

Here, the trial court failed to conduct the necessary "searching inquiry" to ensure that defendant's waiver of the right to counsel was unequivocal, voluntary, and intelligent (*Allen*, 99 AD3d at 1253 [internal quotation marks omitted]).  The only statement made by the court regarding the dangers of proceeding pro se was the comment, "[y]ou might be better served by going with your original impulse to have assigned counsel represent you."  The court did not inquire about defendant's age, experience, intelligence, education, or exposure to the legal system, nor did it explain the risk inherent in proceeding pro se or the advantages of representation by counsel (*see People v Lott*, 23 AD3d 1088, 1089).  The court's failure to conduct a searching inquiry renders defendant's waiver of the right to counsel invalid and requires reversal (*see Crampe*, 17 NY3d at 481-482; *see also Allen*, 99 AD3d at 1253; *Lott*, 23 AD3d at 1089-1090).

In light of our decision, we do not address defendant's remaining contentions.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court