Rose, J.P.
Appeal from an order of the Supreme Court (Demarest, J.), entered March 3, 2005 in St. Lawrence County, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to sodomy in the third degree in 1994 and he was classified in 1996 as a risk level III sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). In 2005, he was afforded a rehearing pursuant to the stipulation in Doe v Pataki (3 F Supp 2d 456 [1998]). The People again sought classification of defendant as a risk level III sex offender and Supreme Court found “nothing that has been shown that would indicate that your level [of] offender [classification] should be changed in any way.” Defendant now appeals.
The People concede that defendant is entitled to a new hearing because Supreme Court treated the 2005 rehearing as one for modification, as opposed to classification (compare Correction Law § 168-n with Correction Law § 168-o). As the People now acknowledge, they bore the burden of establishing the determination sought by clear and convincing evidence (see Correction Law § 168-n [3]; see e.g. People v Callan, 62 AD3d 1218, 1218 [2009]; People v Dickison, 24 AD3d 980, 981 [2005], lv denied 6 NY3d 709 [2006]). Inasmuch as the record here reflects that the burden was placed on defendant to demonstrate suf *1269 ficient evidence warranting a departure from the risk level III classification (see Correction Law § 168-0 [2]), we remit for a new hearing (see People v Zayas, 57 AD3d 1179, 1180 [2008]; People v Freeman, 43 AD3d 1246, 1246-1247 [2007]). Defendant’s remaining claims of error are rendered academic.
Lahtinen, McCarthy and Egan Jr., JJ., concur.
Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.