McCarthy, J.
Appeal from an order of the Supreme Court (Demarest, J.), entered August 1, 2013 in St. Lawrence County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant was convicted in 1994 upon his plea of guilty of the crime of sodomy in the third degree (People v Middlemiss, 216 AD2d 616, 616 [1995], lv denied 86 NY2d 798 [1995]). He was initially classified as a risk level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), and afforded a rehearing in 2005, after which he was again classified as a risk level three sex offender (People v Middlemiss, 105 AD3d 1268, 1268 [2013]). Defendant appealed, and this Court remitted for a new hearing because, as the People conceded, Supreme Court treated the 2005 rehearing as one for modification, as opposed to classification (id. at 1268-1269). Upon remittal, the People again sought classification of defendant as a risk level three sex offender. At the hearing, defendant behaved abusively to his counsel, telling her to “shut up” and “[s]it down” so “[m]aybe [she would] learn something,” refused to let her speak after the court denied his request to call irrelevant witnesses, went on an expletive-filled rant against counsel, called her an “[i]diot,” and told her she was “fired.” When counsel asked to be relieved, however, and the court asked defendant if he wished to represent himself, defendant replied that he did not, and expressed his wish that counsel file an appeal for him. The court nevertheless granted counsel’s request to be relieved and informed defendant that he was now representing himself. After defendant expressed his surprise at counsel leaving, he explained his interpretation of this Court’s order remitting the matter, then refused to continue with the hearing when Supreme Court disagreed with his interpretation, and left the hearing, which continued without him. At the close of the hearing, Supreme Court adopted the recommendation of the Board of Examiners of Sex Offenders and classified defendant as a risk level three sex offender. Defendant now appeals.
We reverse. Initially, there is no merit to defendant’s arguments that he made a serious request or demonstrated good cause for substitution of counsel, and that he should have been assigned new counsel (see generally People v Porto, 16 NY3d 93, 99-100 [2010]; People v Linares, 2 NY3d 507, 510-512 [2004]). Although a defendant has a statutory right to counsel in a Sex Offender Registration Act proceeding (see Correction *1067 Law § 168-n [3]; People v David W., 95 NY2d 130, 138 [2000]; People v Wilson, 103 AD3d 1178, 1179 [2013]), the record reflects that defendant made no request whatsoever for new counsel, but attempted to represent himself after counsel left. We conclude, however, that Supreme Court erred in relieving counsel of her assignment and permitting defendant to proceed pro se.
Defendant’s “conduct unambiguously indicate[d] a defiance of the processes of law and . . . disrupt [ed] the [hearing] after all parties [were] assembled and ready to proceed,” and he arguably thereby forfeited his right to be present at the hearing (People v Sanchez, 65 NY2d 436, 444 [1985]). Nevertheless, he did not validly waive his right to counsel. “For such a waiver to be effective, the trial court must be satisfied that,” among other things, “it has been made competently, intelligently and voluntarily” (People v McIntyre, 36 NY2d 10, 17 [1974] [citation omitted]; see People v Crampe, 17 NY3d 469, 481 [2011], cert denied sub nom. New York v Wingate, 565 US —, 132 S Ct 1746 [2012]). Thus, the court must undertake a “searching inquiry . . . when a defendant [seeks to] waive [ ] the right to counsel in favor of self-representation[,] aimed at [e]nsuring that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel” (People v Providence, 2 NY3d 579, 582 [2004] [internal quotation marks and citations omitted]; accord People v Crampe, 17 NY3d at 481). Here, Supreme Court did not make any attempt to apprise defendant of the risks inherent in proceeding pro se or the importance of counsel’s role, and there is no indication on the record before us that defendant “acted with full knowledge and appreciation of the panoply of constitutional protections that would be adversely affected by counsel’s inability to participate” (People v Henriquez, 3 NY3d 210, 217 [2004]). Indeed, defendant stated that he did not wish to represent himself. Inasmuch as the court “did not make the requisite searching inquiry to [e]nsure that defendant was aware of the drawbacks of self-representation before allowing him to go down that path” (People v Crampe, 17 NY3d at 482), we must reverse and remit for a new hearing (see id. at 484; People v Wilson, 103 AD3d at 1179-1180; cf. People v Henriquez, 3 NY3d at 215-217).
Defendant’s remaining arguments are rendered academic by our decision.
Peters, P.J., Lahtinen and Lynch, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.