■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v DONALD GRIFFIN, Appellant. [47 NYS3d 739]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated January 23, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new risk assessment hearing and a new risk level determination.

The Supreme Court granted the defendant's request to represent himself at a hearing to determine his risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA). The defendant appeals from the order, made after the hearing, designating him a level three sex offender.

A defendant in a SORA proceeding has a statutory and a constitutional right to counsel (*see People v Bowles*, 89 AD3d 171 [2011]), and any waiver of that right must be knowing, intelligent, and voluntary (*see People v Edney*, 111 AD3d 612 [2013]; *People v Wilson*, 103 AD3d 1178 [2013]). Where a defendant makes a timely and unequivocal request to waive the right to counsel and represent herself or himself, "the trial court is obligated to conduct a 'searching inquiry' to ensure that the defendant's waiver is knowing, intelligent, and voluntary" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385 [2011]; *see People v Slaughter*, 78 NY2d 485 [1991]). "A waiver is voluntarily made when the trial court advises the defendant and can be certain that the 'dangers and disadvantages of giving up the fundamental right to counsel have been impressed upon the defendant' " (*Matter of Kathleen K. [Steven K.]*, 17 NY3d at 385-386, quoting *People v Slaughter*, 78 NY2d at 491 [internal quotation marks omitted]). "A 'searching

inquiry' does not have to be made in a formulaic manner, although it is better practice to ask the defendant about [her or] his 'age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver'" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d at 386 [citation omitted], quoting *People v Arroyo*, 98 NY2d 101, 104 [2002]; *see People v Middlemiss*, 125 AD3d 1065, 1067 [2015]; *People v Wilson*, 103 AD3d at 1179).

Applying that standard here, we conclude that the Supreme Court failed to conduct the requisite searching inquiry to ensure that the defendant's waiver of the right to counsel was unequivocal, voluntary, and intelligent (*see People v Middlemiss*, 125 AD3d at 1067; *People v Wilson*, 103 AD3d at 1179-1180). The court made only minimal inquiry into the defendant's age, experience, intelligence, education, and exposure to the legal system, and did not explain the risk inherent in proceeding pro se or the advantages of representation by counsel. The court's failure to conduct a searching inquiry renders the defendant's waiver of the right to counsel invalid and requires reversal (*see People v Middlemiss*, 125 AD3d at 1067; *People v Wilson*, 103 AD3d at 1179-1180; *see also People v Edney*, 111 AD3d at 612).

The defendant's remaining contentions need not be addressed in light of our determination. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.