■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL D. MIDDLEMISS, Appellant. [60 NYS3d 593]—

Rose, J. Appeal from an order of the County Court of St. Lawrence County (Champagne, J.), entered November 17, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 1994, defendant pleaded guilty to the crime of sodomy in the third degree and was sentenced to a prison term of 1 to 3 years stemming from an incident in which he subjected a 13-year-old boy to oral sexual conduct (*People v Middlemiss*, 216 AD2d 616 [1995], *lv denied* 86 NY2d 798 [1995]). Defendant was initially classified as a risk level three sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) and, in 2005, after a rehearing (*see Doe v Pataki*, 3 F Supp 2d 456 [1998]), he was again so classified. Thereafter, this Court reversed two risk level three classifications based upon errors at the SORA hearings and remitted for a new hearing (*People v Middlemiss*, 125 AD3d 1065 [2015]; *People v Middlemiss*, 105 AD3d 1268 [2013]).

In October 2015, County Court conducted a SORA hearing at which the People adopted the risk assessment instrument (hereinafter RAI) prepared by the Board of Examiners of Sex Offenders,[1] which assessed 160 points and presumptively classified defendant as a risk level three sex offender. Defendant challenged the assessment of points and, alternatively, requested a downward departure, which the People opposed. County Court adopted the RAI score,[2] denied defendant's request for a downward departure and classified defendant as a risk level three sex offender. He now appeals.

---

1. The People used the RAI and case summary prepared by the Board in 2013. We discern no error or prejudice given defendant's ability to address every factor and submit proof of more recent information.

2. While County Court calculated a total score of 150, the points assessed by the court are identical to the points assessed by the Board in its RAI, and total 160 points.

We affirm. Initially, defendant challenges the assessment of 20 points for risk factor 7, which requires the People to establish that the crime "was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" and "includes anyone who is not an actual acquaintance" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]; *see People v Gillotti*, 23 NY3d 841, 852 [2014]). The case summary and presentence report reflect that, when interviewed by probation authorities, defendant admitted that he was not acquainted with the victim before this offense. This constituted reliable hearsay evidence and provided the requisite clear and convincing proof to support this assessment of points for defendant's stranger relationship with the victim (*see People v Mitchell*, 142 AD3d 542, 543 [2016], *lv denied* 28 NY3d 909 [2016]; *People v Tumminia*, 112 AD3d 1002, 1003 [2013], *lv denied* 22 NY3d 864 [2014]; *People v Gleason*, 85 AD3d 1508, 1508 [2011], *lv denied* 17 NY3d 711 [2011]; *see also People v Pettigrew*, 14 NY3d 406, 408-409 [2010]).

With regard to defendant's challenge to the assessment of 15 points under risk factor 11 for history of alcohol abuse, the case summary and the presentence report reflect defendant's admission that he had six or seven beers prior to the instant offense and would not have committed this offense had he been sober, that he himself directly linked his alcohol abuse to his sexually-motivated and other criminal activity and that, at the time, he was consuming a 12-pack of beer daily beginning in the morning. In addition, defendant has two prior alcohol-related driving convictions and has not completed the alcohol and substance abuse treatment program to which he was referred. Given defendant's history of alcohol abuse and abuse of alcohol at the time of the instant offense, we find that the assessment of points under this risk factor was supported by clear and convincing evidence (*see People v Griest*, 133 AD3d 1062, 1062 [2015]; *People v Harp*, 127 AD3d 1529, 1529-1530 [2015]; *compare People v Palmer*, 20 NY3d 373, 378-380 [2013]; *People v Davis*, 135 AD3d 1256, 1256 [2016], *lv denied* 27 NY3d 904 [2016]; *People v Ross*, 116 AD3d 1171, 1172 [2014]).

We are similarly unpersuaded by defendant's contention that he was improperly assessed 15 points under risk factor 12 for failing to accept responsibility. While defendant's guilty plea to this offense and remarks during his probation interview are some evidence that he accepted responsibility, the case summary establishes that he thereafter refused to participate in a sex offender counseling program in prison and was negatively

removed from an alcohol and substance abuse treatment program, supporting this assessment of points (*see People v Grigg*, 112 AD3d 802, 802-803 [2013], *lv denied* 22 NY3d 865 [2014]; *People v Weihrich*, 111 AD3d 1032, 1033 [2013], *lv denied* 23 NY3d 905 [2014]; *People v Radage*, 98 AD3d 1194, 1195 [2012], *lv denied* 20 NY3d 855 [2012]). While defendant argues that the passage of time since this crime mitigates this factor, the record does not reflect that he has since successfully completed such a program or treatment or any other more recent facts that would support a finding that he is willing to modify his behavior and has genuinely accepted responsibility for his actions (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]; *compare People v Munafo*, 119 AD3d 1102, 1102-1103 [2014]).

County Court's assessment of 15 points under risk factor 13 for conduct while confined or supervised is supported by the case summary reflecting both that he was sanctioned for eight disciplinary violations (tier II) while incarcerated and that his parole was revoked after he violated the conditions of his release.[3] Defendant did not address or challenge the underlying facts of either (*see People v Tumminia*, 112 AD3d at 1003; *People v Madera*, 100 AD3d 1111, 1112 [2012]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]). Further, because defendant was released after serving his maximum sentence without any parole, probation or supervision, the assessment of 15 points under risk factor 14 was proper (*see People v Radage*, 98 AD3d at 1195). Even if these points were removed due to the lapse of time since his release, he would still remain a presumptive risk level three sex offender.

Finally, "[i]t was defendant's burden to establish by a preponderance of the evidence that a downward modification was warranted in that mitigating factors exist that were not adequately taken into account by the [RAI]" (*People v Scone*, 145 AD3d 1327, 1328 [2016]; *see People v Gillotti*, 23 NY3d at 861-863). County Court considered the arguments put forth in mitigation, including the passage of time, and adequately explained its reasons for denying the requested departure. Accordingly, we find no abuse of the court's discretion (*see People v Gillotti*, 23 NY3d at 861; *People v Scone*, 145 AD3d at 1329; *People v Szwalla*, 61 AD3d 1289, 1291 [2009]; *see also People v*

---

**3.** County Court was not bound by the Board's recommendation that defendant's conduct while confined was "acceptable" despite his prison disciplinary history, with which the People disagreed (*see People v Bush*, 105 AD3d 1179, 1181 [2013], *lv denied* 21 NY3d 860 [2013]).

*Howard*, 27 NY3d 337, 342-343 [2016]). Defendant's remaining contentions have been examined and determined to be without merit.

McCarthy, J.P., Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.