People v Hebert (2018 NY Slip Op 05381)





People v Hebert


2018 NY Slip Op 05381


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
JOSEPH R. HEBERT, Appellant.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the County Court of Warren County (Hall Jr., J.), entered September 8, 2016, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.
In March 2011, defendant entered an Alford plea of guilty to sexual abuse in the first degree arising from an incident in which he forcibly engaged in anal intercourse with a 21-year-old male. As a result, he was sentenced to 3½ years in prison and five years of postrelease supervision. In May 2011, defendant was convicted of sexual abuse in the first degree after he had inappropriate sexual contact with his girlfriend's grandchildren. He was sentenced to seven years in prison and eight years of postrelease supervision for this crime, to run concurrently with the prior sentence. Defendant has a number of criminal convictions predating his 2011 convictions, including a conviction for rape in the third degree. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that assigned defendant a total of 95 points, placing him in the risk level two classification. However, the Board applied an override based on defendant's prior felony conviction for a sex crime that presumptively placed him in the risk level three classification. Following a hearing, County Court agreed with the classification set forth in the RAI and adjudicated defendant a risk level three sex offender and a sexually violent offender. Defendant now appeals.
Initially, defendant contends that he was improperly assessed 15 points under risk factor 12 of the RAI based on his expulsion from a sex offender treatment program because he has a learning disability and was unable to complete the program within the time allotted. We are not persuaded. Defendant's purported cognitive limitations are not substantiated by the record. Rather, it discloses that he successfully completed other programs and was expelled from the program at issue due to "lack of progress/skill." Under the circumstances presented, we find no error in the assessment of points under risk factor 12 (see People v Middlemiss, 153 AD3d 1096, [*2]1097-1098 [2017], lv denied 30 NY3d 906 [2017]; People v Jackson, 134 AD3d 1580, 1581 [2015]).
In any event, regardless of the points assessed under risk factor 12, the Board applied an override based on defendant's undisputed prior felony conviction for a sex crime that presumptively placed him in the risk level three classification. Defendant has not met his burden of demonstrating by a preponderance of the evidence that a downward modification was warranted based upon mitigating circumstances that were not taken into account by the RAI (see People v Gillotti, 23 NY3d 841, 861-863 [2014]; People v Middlemiss, 153 AD3d at 1098; People v Scone, 145 AD3d 1327, 1328 [2016]). Therefore, we find no reason to disturb the risk level three classification.
McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.