Matter of Alivia F. (John F.) (2018 NY Slip Op 08649)





Matter of Alivia F. (John F.)


2018 NY Slip Op 08649


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-10631
 (Docket Nos. N-8564-17, N-8565-17)

[*1]In the Matter of Alivia F. (Anonymous). Suffolk County Department of Social Services, respondent; John F. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Ayden F. (Anonymous). Suffolk County Department of Social Services, respondent; John F. (Anonymous), appellant. (Proceeding No. 2)


Francine H. Moss, Ronkonkoma, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (George F. Harkin, J.), dated September 8, 2017. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father neglected the subject children and released the children to the custody of the nonrespondent mother upon stated conditions of supervision.
ORDERED that the order of fact-finding and disposition is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and new determination thereafter, in accordance herewith; and it is further,
ORDERED that in the interim, and pending further order of the Family Court, Suffolk County, custody of the subject children shall remain with the mother upon the conditions of supervision stated in the order of fact-finding and disposition.
The Suffolk County Department of Social Services commenced these related proceedings alleging that the father neglected the subject children. After conducting fact-finding and dispositional hearings, wherein the father appeared pro se, the Family Court found that the father neglected the subject children and released the children to the custody of the nonrespondent mother upon stated conditions of supervision.
A respondent in any proceeding under article 10 of the Family Court Act has both a constitutional and a statutory right to the assistance of counsel (see US Const Amend VI; NY Const, art I, § 6; Family Ct Act § 262[a][i]; Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373; Matter of Ella B., 30 NY2d 352, 356-357; Matter of Stephen Daniel A. [Sandra M.], 87 AD3d 735, 736). A respondent may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel (see People v Arroyo, 98 NY2d 101, 103; Matter of Stephen Daniel A. [Sandra M.], 87 AD3d 735, 736; Matter of Casey N., 59 AD3d 625, 627). In determining whether a respondent's waiver is made knowingly, voluntarily, and intelligently, the trial court is obligated to conduct a " searching inquiry'" (People v Arroyo, 98 NY2d at 103, quoting People v Slaughter, 78 NY2d 485, 491; see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385; Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 736). The court must advise the respondent and must be sure that the " dangers and disadvantages of giving up the fundamental right to counsel have been impressed'" upon him or her (Matter of Kathleen K. [Steven K.], 17 NY3d at 386, quoting People v Slaughter, 78 NY2d at 491; see People v Arroyo, 98 NY2d at 104; Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 736).
"A searching inquiry' does not have to be made in a formulaic manner" (Matter of Kathleen K. [Steven K.], 17 NY3d at 386, quoting People v Arroyo, 98 NY2d at 104; see Matter of Casey N., 59 AD3d at 627). However, the court's exploration of the issue must accomplish the goals of adequately warning the respondent of " the risks inherent in proceeding pro se,'" and apprising him or her of the " importance of the lawyer in the adversarial system of adjudication'" (People v Arroyo, 98 NY2d at 104, quoting People v Smith, 92 NY2d at 520). Moreover, it is better practice to ask the respondent about his or her " age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver'" (Matter of Kathleen K. [Steven K.], 17 NY3d at 386, quoting People v Arroyo, 98 NY2d at 104; see Matter of Casey N., 59 AD3d at 627-628).
Here, although the Family Court repeatedly asked the father whether he wanted to represent himself, told him that he would have to follow the same legal rules as the other parties, and cautioned him generally against self representation, the court did so without detailing the dangers and disadvantages of proceeding pro se (see Matter of Casey N., 59 AD3d at 629). More specifically, the court failed to adequately warn the father of the risks inherent in proceeding without an attorney; failed to adequately apprise the father of the critical importance of having an attorney in a child neglect proceeding, particularly where there is a related criminal matter pending; failed to adequately explore the defendant's age, education, occupation, previous exposure to legal procedures and other factors bearing on a competent, intelligent, voluntary waiver; and failed to ensure that the father acknowledged his understanding of the perils of self-representation. Because the court failed to conduct a sufficiently searching inquiry of the father to be reasonably certain that he understood the dangers and disadvantages of giving up the fundamental right to counsel, and thus failed to ensure that the father's waiver of his right to counsel was made knowingly, intelligently, and voluntarily, we must reverse the order and remit the matter to the Family Court, Suffolk County, for a new hearing and a new determination, after a proper inquiry into the father's understanding of the consequences of self-representation (see Matter of Stephen Daniel A. [Sandra M.], 87 AD3d at 736-737; Matter of Casey N., 59 AD3d at 629-630; see also People v Griffin, 148 AD3d 735, 736).
The father's remaining contentions need not be addressed in light of our determination.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court