Matter of Angel N. v Elizabeth A. (2019 NY Slip Op 01365)





Matter of Angel N. v Elizabeth A.


2019 NY Slip Op 01365


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8519A 8519

[*1] In re Angel N., Petitioner-Appellant,
v
Elizabeth A., Respondent-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Chai Park of counsel), attorney for the child.



Appeal from order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about January 15, 2016, which held that the father's supervised visitation should continue, unanimously dismissed, without costs, as taken from a nonappealable order. Appeal from order, same court and Referee, entered on or about October 28, 2015, which awarded the father supervised visits only, unanimously dismissed, without costs, as academic.
The January 15, 2016 order was issued on the father's default, and because he apparently "did not avail himself of the opportunity to vacate his default, and no appeal lies from an order entered upon the aggrieved party's default," the appeal is dismissed (see Fatima K. v Ousmane F.,___ AD3d ___ , 2018 NY Slip Op 08431 [1st Dept, Dec. 11, 2018]; see also CPLR 5511). Since the October 28, 2015 order had expired and there was a subsequent order concerning visitation, namely, the January 15, 2016 order, the appeal from the October 28, 2015 order is dismissed as academic (see Matter of Monsunlola O., 231 AD2d 638 [2d Dept 1996], lv denied 89 NY2d 805 [1996]).
Were we to consider the merits, we would affirm. The father had a statutory right to counsel in these proceedings (see Family Ct Act § 262[a]), but also had the right to waive counsel and proceed pro se, provided he did so knowingly, intelligently, and voluntarily (Matter of Massey v Van Wyen, 108 AD3d 549, 550 [2d Dept 2013]). "Where a party unequivocally and timely asserts the right to self-representation, the court must conduct a searching inquiry to ensure that the waiver of the right to counsel is knowing, intelligent, and voluntary" (Matter of Aleman v Lansch, 158 AD3d 790, 792 (2d Dept 2018).
While there is no rigid formula to the court's inquiry, "there must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of Belmonte v Batista, 102 AD3d 682, 682-683 [2d Dept 2013]). The court below satisfied these standards.
The record before us shows that the court took great care to remind the father, at every appearance and sometimes more than once during an appearance, of his right to assigned counsel and its ability to assign him counsel at no cost to him. Moreover, and contrary to the father's contentions, the court expressly warned him of the dangers and disadvantages of proceeding without counsel. In particular, it warned him that unfamiliar concepts would likely arise about [*2]which a lawyer could advise him, and warned him of the possibility that his petitions could be dismissed.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK