People v Huntley (2021 NY Slip Op 00688)





People v Huntley


2021 NY Slip Op 00688


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


137 KA 20-00154

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES C. HUNTLEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered September 6, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining, inter alia, that he is a level two sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We agree with defendant, and the People correctly concede, that defendant's purported waiver of the right to counsel is invalid. "It is well settled that defendants have a statutory right to counsel in SORA proceedings" (People v Wilson, 103 AD3d 1178, 1179 [4th Dept 2013]; see People v David M., 95 NY2d 130, 138 [2000]; People v Middlemiss, 125 AD3d 1065, 1066-1067 [3d Dept 2015]). In order for a defendant to validly waive his right to counsel, "the court must undertake a 'searching inquiry . . . aimed at [e]nsuring that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel' " (Middlemiss, 125 AD3d at 1067, quoting People v Providence, 2 NY3d 579, 582 [2004]; see People v Griffin, 148 AD3d 735, 735-736 [2d Dept 2017]; Wilson, 103 AD3d at 1179). Such an inquiry ensures that the defendant's waiver is " 'made competently, intelligently and voluntarily' " (Middlemiss, 125 AD3d at 1067, quoting People v McIntyre, 36 NY2d 10, 17 [1974]).
Here, County Court failed to conduct the necessary searching inquiry and, instead, relied upon defendant's notation on the form notice he received about his SORA classification proceeding that he did "not wish to have counsel appointed." The court's failure renders defendant's alleged waiver of the right to counsel invalid and requires reversal (see Wilson, 103 AD3d at 1180). We therefore reverse the order and remit the matter to County Court for a new SORA proceeding to be conducted in accordance with defendant's right to counsel.
Although academic in light of our determination, we note that we further agree with defendant that the form notice provided to him about his SORA classification contained numerous deficiencies. The notice did not fully describe the SORA hearing or the consequences that would follow if defendant failed to appear (see Correction Law
§ 168-n [3]). It also appears that the court failed to provide defendant with a "copy of the recommendation received from the [Board of Examiners of Sex Offenders] and any statement of the reasons for the recommendation" (id.). In providing the requisite notice to defendants pursuant to section 168-n (3), courts should be tracking the language used in that statute instead of giving a shortened summary.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court