Matter of Maren R. v Manoch Robert R. (2021 NY Slip Op 07091)





Matter of Maren R. v Manoch Robert R.


2021 NY Slip Op 07091


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Docket No. V-15529/17 Appeal No. 14885 Case No. 2020-00912 

[*1]In the Matter of Maren R., Petitioner-Respondent,
v
Manoch Robert R., Respondent-Appellant.


Carol Kahn, New York, for appellant.
Larry S. Bachner, New York, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Jessica Brenes, Referee), entered on or about December 4, 2019, which granted petitioner mother sole legal and physical custody of the subject child, directed respondent father to re-engage in individual therapy, to abstain from using illegal substances, and to petition for visitation with the child, unanimously affirmed, without costs.
While the father had a statutory right to counsel in these proceedings (see Family Ct Act § 262[a]), he also "had the right to waive counsel and proceed pro se, provided he did so knowingly, intelligently, and voluntarily" (Matter of Angel N. v Elizabeth A., 169 AD3d 596, 596-597 [1st Dept 2019]). "Where a party unequivocally and timely asserts the right to self-representation, the court must conduct a searching inquiry to ensure that the waiver of the right to counsel is knowing, intelligent, and voluntary" (Matter of Aleman v Lansch, 158 AD3d 790, 792 [2d Dept 2018]). "[T]here must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of Belmonte v Batista, 102 AD3d 682, 682—683 [2d Dept 2013]). Here, the court conducted the requisite searching inquiry. By the time he was permitted to proceed pro se, respondent had been represented by multiple sets of counsel, one retained and two court-appointed, the second of those being relieved as counsel due to disagreements over legal strategy. Throughout the case, respondent repeatedly and unequivocally expressed a wish to proceed pro se, and the court took pains to inform him of the severe dangers and disadvantages he would face in so doing, expressed its strong preference that he be represented, given the significant issues at stake as well as the complexities of proffering evidence, examining and cross-examining witnesses, and the like, instructed him that it would make no special dispensation for him on account of his pro se status, and repeatedly reminded him of its ability and readiness to appoint counsel for him (which it did, twice) and to order the necessary adjournments to allow this to occur.
The record demonstrates petitioner mother's entitlement to a directed verdict. Contrary to respondent's contention that he was prevented from presenting evidence, the record shows that, despite the opportunity to do so and guidance and instruction from the court, he was not prepared to present evidence on the relevant date (see Matter of Oswald v Oswald, 224 AD2d 697 [2d Dept 1996]). Moreover, while he contends that there are disputed facts relevant to unsupervised and future visitation, the order instructs him to petition for visitation, and he has not shown that, in support of such a petition, he would be prevented from offering the proof he claims to have.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021